UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCEY L. SHARPE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>PURITAN'S PRIDE, INC., et al.,<br><br>   Defendants. | Case No. 3:16-cv-06717-JD<br><br>**ORDER RE REMAND**<br>Re: Dkt. No. 19 |

In this putative class action, the named plaintiffs allege deceptive practices and other consumer claims against defendant Puritan's Pride in the marketing and sale of nutritional supplements. Plaintiffs sue mainly under the laws of California and New York, and originally filed this action in Mendocino County Superior Court. Puritan's Pride removed to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. No. 1. Plaintiffs contend that the $5 million amount-in-controversy requirement for CAFA jurisdiction is not met and that the case should be returned to California state court. Dkt. No. 19. The motion is denied.

**BACKGROUND**

The gist of the complaint is straightforward. Named plaintiffs Darcey L. Sharpe, Mary Ludolph-Aliaga, Jay D. Werner, and Eva Krueger allege that Puritan's Pride and its parent entity, NBTY, Inc. (together, "Puritan's Pride"), manipulated the use of free promotions to induce "unsuspecting consumers" into buying "billions of dollars' worth" of Puritan's Pride vitamins and other products. Dkt. No. 1-1 ¶ 2. Plaintiffs seek to represent a nationwide class along with subclasses for New York and California residents. *Id.* ¶ 66. The complaint also alleges that Puritan's Pride has violated the consumer protection laws of forty different states and the District

1  of Columbia. *Id.* ¶ 125. On behalf of themselves and all members of the putative classes, plaintiffs seek an order requiring Puritan's Pride to pay restitution and "to restore to Plaintiffs and members of the Classes all funds acquired by means of any act or practice" declared to be unlawful, *id.* at 38 ¶ (B), as well as "all damages allowed by governing statutes," *id.* at 38 ¶ (E).

Puritan's Pride filed a notice of removal on November 21, 2016. Dkt. No. 1. The sole ground for removal was CAFA jurisdiction under 28 U.S.C. § 1332(d), and the notice stated that "[t]he collective amount of the total sales of Puritan's Pride branded products under 'free' promotions in the United States from October 14, 2013 to October 14, 2016 exceeds $5 million and is sufficient for purposes of 28 U.S.C. §§ 1332(d) and 1441(a)." *Id.* ¶ 11. Joseph Looney, a Vice President at Puritan's Pride, submitted a declaration stating that the total revenue from sales of Puritan's Pride branded products sold under free promotions during the relevant time period exceeded $5 million. Dkt. 1-1 at 44.

On December 21, 2016, plaintiffs filed a motion to remand that challenges whether the case meets the CAFA jurisdictional minimum. Dkt. No. 19. Plaintiffs did not proffer any evidence of their own about the amount in controversy, and based their argument solely on the contention that Puritan's Pride had failed to carry its burden of establishing jurisdiction. *Id.*

In response, Puritan's Pride filed three supplemental declarations from Looney, including one averring that more than 100,000 New York residents purchased Puritan's Pride products in New York under free promotions during the relevant time period -- a fact that will drive the removal analysis here. Dkt. No. 25-3 ¶¶ 3-4. Plaintiffs criticized the sufficiency of Puritan's Pride's evidence in reply but again did not proffer their own declaration, competing evidence, or any estimate of the amount in controversy. *See* Dkt. No. 26.

## DISCUSSION

A defendant's notice of removal under CAFA need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and not evidentiary submissions. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). If, as here, a defendant's assertion of the amount in controversy is challenged, "both sides submit proof" and

2

1   "the court decides, by a preponderance of the evidence, whether the amount-in-controversy
2   requirement has been satisfied."  *Chin v. Cole Haan, LLC*, No. 16-cv-02154-JD, 2016 WL
3   7211841, at *1 (N.D. Cal. Dec. 13, 2016) (quoting *LaCross v. Knight Transportation Inc.*, 775
4   F.3d 1200, 1202 (9th Cir. 2015)).

5       When removal is based on CAFA jurisdiction, there is "no antiremoval presumption."
6   *Dart Cherokee*, 135 S. Ct. at 554.  But the removing party bears the burden of proving that
7   jurisdiction is proper and of "persuad[ing] the court that the estimate of damages in controversy is
8   a reasonable one."  *Chin*, 2016 WL 7211841, at *1 (quoting *Ibarra*, 775 F.3d at 1197).  CAFA's
9   requirements are tested by "real evidence" under procedures entrusted to the district court's
10  discretion.  *Ibarra*, 775 F.3d at 1199-1200.  Whether a plaintiff can "simply say nothing and offer
11  no evidence of amount in controversy at all" to challenge removal is an open question in our
12  circuit, but the procedural minimum is that both parties should have "a fair opportunity to submit
13  proof."  *Id*.

14      That opportunity has been provided here, and Puritan's Pride has proffered uncontroverted
15  evidence to establish, using a "reasonable chain of logic," that the amount in controversy in this
16  case exceeds $5 million.  *LaCross*, 775 F.3d at 1201.  Looney's first supplemental declaration
17  states that more than 100,000 New York residents purchased Puritan's Pride branded products in
18  New York under free promotions from October 14, 2013 through the date of his declaration.  Dkt.
19  No. 25-3 ¶¶ 3-4.  This is an important averment because plaintiffs allege a New York subclass for
20  violations of New York's Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349.  Dkt. No.
21  1-1 ¶¶ 113-23.  That statute gives a private right of action under a three-year statute of limitations,
22  *see In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103
23  (E.D.N.Y. 2014), and provides for the greater of actual damages or $50 in statutory damages per
24  person.  N.Y. Gen. Bus. Law § 349(h).  It also allows the court to increase an award up to $1,000
25  for willful and intentional misconduct.  *Id*.  Consequently, the New York subclass, on just the
26  basic damages award for the Section 349 claim, stands to recover at least $5 million if plaintiffs
27  are successful because the minimum amount to be awarded is $50 per claimant.  That is enough to
28  meet the CAFA jurisdictional minimum for removal of this case.

Plaintiffs offer nothing that points to a different conclusion.  They do not tender any declarations, affidavits, expert reports, or other "real evidence" undermining Puritan's Pride's showing.  *Ibarra*, 775 F.3d at 1198.  They say only that they seek actual damages under Section 349, with the unstated implication that actual damages will be under $50 and that they will forego a $50 per person minimum award.  Dkt. No. 26 at 1 n.1.  But that position is belied by the complaint, which expressly seeks "relief including, but not limited to, actual damages" under New York law, Dkt. No. 1-1 ¶ 123, and prays for "all damages allowed by governing statutes," *id*. at 38 ¶ (E).  In addition, plaintiffs' counsel lacks the authority to legally bind a putative class with a damages limitation.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013).  The full measure of damages under Section 349 is plainly sought in the complaint, and that alone -- without reliance on plaintiffs' nationwide restitutionary claims or claims to damages, both actual and statutory, under dozens of other allegedly violated state consumer protection laws -- provides the basis for CAFA jurisdiction here.

## CONCLUSION

Plaintiffs' motion to remand is denied.  The Court will issue a scheduling order.

**IT IS SO ORDERED.**

Dated: February 6, 2017

JAMES DONATO
United States District Judge