C. Brooks Cutter, Esq. (SBN 121407)
John R. Parker, Esq. (SBN 257761)
**CUTTER LAW, P.C.**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400
Facsimile:  (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com

Tina Mehr, Esq. (SBN 275659)
**VISION LEGAL, INC.**
4712 E. 2ND Street, Suite 840
Long Beach, California 90803
Telephone:     (877) 870-9953
Facsimile:     (877) 348-8509
tmehr@visionlegalinc.com

Stanley D. Saltzman, Esq. (SBN 90058)
Adam M. Tamburelli, Esq. (SBN 301902)
**MARLIN & SALTZMAN, LLP**
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Fax: (818) 991-8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com

William Hansult, Esq. (SBN 200915)
**LAW OFFICES OF W. HANSULT**
1399 Ramona Avenue, # C
Grover Beach, California 93433
Telephone: (805) 489-1448
hansultlaw@aol.com

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DARCEY SHARP, MARY LUDOLPH-ALIAGA, PENELOPE MUELLER, JAY WERNER, DIANE CABRERA, MEG LARSON, GARY OPAS, and JOANNE PARKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PURITAN'S PRIDE, INC., a New York Corporation; THE NATURE'S BOUNTY CO. f/k/a NBTY, INC., a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>    Defendants. | No. 16-cv-6717-JD, consolidated with No. 17-cv-2536-JD<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. James Donato<br>Date: March 8, 2018<br>Time: 10:00 a.m.<br>Crtrm: 11<br><br>[Action Filed:  October 14, 2016] |

## **TABLE OF CONTENTS**

I.      INTRODUCTION.........................................................................................................1

II.     RELEVANT FACTS .................................................................................................2

III.    ARGUMENT .............................................................................................................3

        A.      Plaintiffs Have Adequately Pleaded that Defendants' Bogo Advertising Is
                Deceptive.........................................................................................................3

        B.      Plaintiffs Have Adequately Pleaded Claims for Monetary Relief Under
                California's Consumer Protection Statutes. ....................................................5

                1.      Plaintiffs Have Standing to Seek Relief Under the UCL and FAL..................5

                2.      Plaintiffs Do Not Have to Plead or Prove Price/Value Differential................6

        C.      The Complaint Adequately States Claims Under New York's Consumer
                Protection Statutes..........................................................................................9

                1.      The Court has Jurisdiction over the New York Plaintiffs' Claims..................9

                2.      New York's GBL §§ 349 and 350 Apply Extraterritorially..........................11

                3.      The California Plaintiffs Have Standing to Assert Claims Under
                        GBL §§ 349 and 350, and Have Adequately Alleged Actual Injury. ...........13

        D.      Plaintiffs Have Adequately Pleaded Damages Under The CLRA. ...........................13

        E.      Plaintiffs Have Adequately Pleaded Unjust Enrichment. .........................................14

                1.      Plaintiffs Have Adequately Pleaded Unjust Enrichment Under
                        New York Law. ..................................................................................14

                2.      Plaintiffs Have Adequately Pleaded Unjust Enrichment Under
                        California Law.....................................................................................14

IV.     CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*
   137 S.Ct. 1773 (2017) ..................................................................................9, 10

*Butcher's Union Local No. 498, United Foods & Commercial Workers v. SDC Inv., Inc.*
   788 F.2d 535 (9th Cir. 1986) ....................................................................11

*Cline v. TouchTunes Music Corp.*
   211 F.Supp.3d 628 (S.D.N.Y. 2016) ........................................................12

*Cortez v. Purolator Air Filtration Prod. Co.*
   23 Cal.4th 163 (2000)..................................................................................7

*Cruz v. FXDirectDealer, LLC*
   720 F.3d 115 (2d Cir. 2013) ..............................................................11, 12

*Data Disc, Inc. v. Systems Technology Associates, Inc.*
   557 F.2d 1280 (9th Cir. 1977) ..................................................................11

*Elder v. Pacific Bell Telephone Co.*
   205 Cal.App.4th 841 (2012).......................................................................15

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*
   2017 WL 4224723 (N.D. Cal. Sept. 22, 2017)..........................................10

*Goshen v. Mut. Life Ins. Co. of New York*
   98 N.Y.2d 314 (2002) .................................................................................12

*Gregorio v. The Clorox Company*
   2018 U.S. Dist. LEXIS 19542 (N.D. Cal. 2018) ........................................8

*Hinojos v. Kohl's Corp.*
   718 F.3d 1098, 1103 (9th Cir. 2013) ............................................... passim

*Hughes v. Ester C Co.*
   930 F.Supp.2d 439 (E.D.N.Y. 2013)..........................................................14

*In re Hyundai & Kia Fuel Economy Litig.*
   -- F.3d --, 2018 WL 505343 (9th Cir. 2018) .............................................15

*In re Steroid Hormone Prod. Cases*
   181 Cal.App.4th 145 (2010)........................................................................13

*Intellectual Capital Partner v. Institutional Credit Partners LLC*
   2009 WL 1974392 (S.D.N.Y. 2009) ..........................................................14

*Johnson v. General Mills, Inc.*
   275 F.R.D. 282 (C.D. Cal. 2011) ................................................................8

*Karen Kane Inc. v. Reliance Ins. Co.*
   202 F.3d 1180 (9th Cir. 2000).....................................................................5

*Klein v. Chevron U.S.A., Inc.*
   202 Cal.App.4th 1342 (2012).......................................................................8

*Kwikset Corp. v. Superior Court*
  51 Cal.4th 310 (2011)........................................................................................6, 8

*Labriola v. Bank of Am., Nat. Ass'n*
  2012 WL 1657191 (N.D. Cal. 2012)............................................................6

*Lectrodryer v. Seoul Bank*
  77 Cal.App.4th 723 (2000)..........................................................................15

*Lujan v. Defs. of Wildlife*
  504 U.S. 555 (1992)........................................................................................5

*Massachusetts Mut. Life Ins. Co. v. Superior Court*
  97 Cal.App.4th 1282 (2002)........................................................................14

*Meyer v. Sprint Spectrum L.P.*
  45 Cal.4th 634 (2009)..................................................................................13

*Mouzon v. Radiancy, Inc.*
  85 F.Supp.3d 361 (D.D.C. 2015)................................................................12

*Ohno v. Yasuma*
  723 F.3d 984 (9th Cir. 2013)......................................................................15

*Peterson v. Cellco*
  164 Cal.App.4th 1583 (2008)......................................................................15

*Preminger v. Peake*
  552 F.3d 757 (9th Cir. 2008)........................................................................6

*Sarkisov v. Stonemor Partners L.P.*
  2014 WL 12644016 (N.D. Cal. 2014)........................................................15

*Sloan v. General Motors LLC*
  2018 WL 784049 (N.D. Cal. Feb. 7, 2018)................................................10

*Swamy v. Title Source, Inc.*
  2017 WL 5196780 (N.D. Cal. Nov. 10, 2017)............................................10

*Tyler v. Cisneros*
  136 F.3d 603 (9th Cir. 1998)........................................................................4

*Vaccarino v. Midland Nat'l Life Ins. Co.*
  2014 WL 572365 (C.D. Cal. 2014)................................................................9

*Ward v. TheLadders.com, Inc.*
  3 F.Supp.3d 151 (S.D.N.Y. 2014)..............................................................12

**Statutes**

Cal. Bus. & Prof. Code § 17203....................................................................7

Cal. Bus. & Prof. Code §§ 17200, *et seq.*....................................................3

Cal. Bus. & Prof. Code §§ 17500, *et. seq.*..................................................3

Cal. Civ. Code §§ 1750, *et seq.*....................................................................3

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**Rules**

Fed. R. Civ. P. 9 ...................................................................................................1, 2, 4, 5

Fed. R. Civ. P. 15 ...............................................................................................................15

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# I.    INTRODUCTION.

On November 8, 2017, Defendants filed a motion to dismiss Plaintiffs' original Consolidated Class Action Complaint ("Original Complaint"). Dkt. No. 76. At the hearing on that motion, the Court only focused on one argument in Defendants' motion: whether Plaintiffs alleged sufficient facts about their individual purchases to satisfy Fed. R. Civ. P. 9(b)'s pleading requirements. Specifically, the Court stated: **"I'm just going to focus on the adequacy of the Rule 9 allegations. I think that begins and ends the pertinent analysis."** *See* Transcript of Proceedings held on December 14, 2017, attached as Exhibit 1 to Defendants' Memorandum, Dkt. No. 89-1, at 3:20-22. The Court further summarized its sole concern with Plaintiffs' allegations as follows:

> "This is a deceptive-practices act, so you have to allege enough facts, not just under Rule 8, but under Rule 9 – it's a higher standard – to say, 'These people were misled and duped into buying a product they would not ordinarily have bought, because they saw something from Puritan's Pride that misled them.' "

*See* Transcripts of Proceedings, at 9:23-10:3.

This Court did not address any of the other arguments in Defendants' motion. *See* December 14, 2017 Minute Order, Dkt. No. 85 ("For the reasons stated on the record, the Court dismisses the complaint without prejudice.").

Thereafter, Plaintiffs filed the First Amended Consolidated Complaint ("FAC") to address the deficiencies identified by the Court at the hearing. *See* FAC ¶¶35-43. Defendants concede that the FAC cured those deficiencies, as their instant motion to dismiss the FAC is nearly identical to their motion to dismiss the Original Complaint, except Defendants no longer argue that Plaintiffs failed to allege sufficient details about their purchases. Indeed, a comparison between the Table of Contents of the two motions demonstrates that the two motions are almost a mirror image of each other. *Compare* Dkt. No. 89, p. i with Dkt. No. 76, p. i.

The only significant difference between the two motions is that Defendants have now omitted the *only* successful argument in their first motion. *Compare* Dkt. No. 89, §I with Dkt. No.

76, §I. Defendants' argument in its current motion regarding Plaintiffs' purported failure to satisfy

Rule 9(b) is limited to the contention that Plaintiffs failed to allege that the products that they

purchased were "falsely inflated," which was a minor, one sentence component of their prior Rule

9(b) argument. *See* Dkt. No. 76 at 5:19-20.

Accordingly, as Defendants' motion to dismiss the FAC contains no arguments other than

those that were previously rejected by this Court, the motions should be denied.[1]

## II.    RELEVANT FACTS

Plaintiffs filed this case on behalf of a putative Class of similarly situated consumers

nationwide, with California and New York subclasses, seeking redress from Defendants' pervasive

pattern of deceptive, false, misleading, and otherwise improper advertising, sales and marketing

practices with respect to their Puritan's Pride branded vitamin, mineral and health supplement

products ("Products"). *See* FAC, Dkt. No. 72, ¶1.

Plaintiffs allege that Defendants engaged in systemic and continuing practices of

disseminating false and misleading advertising of the Products through, *inter alia*, the Puritan's

Pride interactive website and mail order catalogs distributed from Defendants' New York

headquarters uniformly throughout all fifty (50) states. *Id*. at ¶¶2, 45-46, 50, 57, 60, 62-63.

Specifically, Defendants advertise that consumers will obtain one or more free Products of same

item and size as a gift if they buy a Product at regular price, *e.g*., Buy 1-Get 1/or 2 Free; and/or:

Buy 2-Get 3/or 4 Free ("BOGO"). *Id*. at ¶¶20-21, 69. Defendants also represent that the BOGO

promotions are only available for a limited time or during special times of the year. *Id*. at ¶4.

However, Defendants' BOGO advertising is deceptive because it fails to reveal that the cost

of the Free Products is built into the price of the Products that consumers must purchase to avail

themselves of the BOGO price. *Id*. at ¶¶5, 14, 18, 26-27, 72. It is also deceptive because the BOGO

offers are not truly limited time offers. *Id*. at ¶¶4, 9, 15, 75. Further, Defendants' BOGO campaign

---

[1] Defendants' Memorandum of Points and Authorities violates this Court's standing order
prohibiting opening briefs from exceeding 15 pages, as did Defendants' previous Memorandum.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

violates specific state and federal statutes and regulations. *Id*. at ¶¶6-9, 12, 77, 79, 81, 120.

Plaintiffs identified the specific Products that they purchased, when they made their purchases, and explained that that that their purchases were made pursuant to Defendants' deceptive "buy one get one free" or "buy one get two free" offer. *Id*. at ¶¶35-43. Plaintiffs and the Class purchased the Products in reliance on Defendants' deceptive advertising, as they believed they would receive premium, high-end Products for free or as gifts with their purchase. *Id*. at ¶¶11, 13-16, 19, 26, 35-43. The advertising also induced Plaintiffs to purchase more Products than they would otherwise have purchased before the BOGO offer purportedly expired. *Id*. at ¶¶28-29.

Plaintiffs assert claims under California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA"); False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et. seq*. ("FAL"); and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"); New York's Deceptive Acts and Practices Act, N.Y. GBL §§ 349 and 350; and for unjust enrichment.

## III.    ARGUMENT

As discussed above, the issues raised in Defendants' motion have already been rejected by the Court after thorough briefing. As Defendants make no new arguments in support of their motion, Defendants' motion should be denied.

### A.    PLAINTIFFS HAVE ADEQUATELY PLEADED THAT DEFENDANTS' BOGO ADVERTISING IS DECEPTIVE.

Defendants' first argument in their motion is an elaboration of a one sentence argument that they made in their prior motion to dismiss, which is that the FAC contains no factual allegations that, if accepted as true, would establish that the BOGO price of any product Plaintiffs actually bought was falsely inflated. *See* Def. Memo., §I, p.4. This argument is both misleading and a misrepresentation of the allegations in the FAC.

First, Plaintiffs detail at length how all Defendants' BOGO offers falsely state that customers are getting an item "free," and that the promotion are for a limited time only. *See*, *e.g.*, FAC ¶¶3-4, 9, 14-15, 26-27, 72, 75, 106-109. Plaintiffs even provide an illustrative example of how the BOGO offer is deceptive. *Id*. at ¶5. Moreover, Plaintiffs identify state and federal statutes and regulations that specifically prohibit Defendants' BOGO offers and describe in detail how

Defendants' offer of "free" products is false because consumers are not getting anything for "free" as that term is defined by the FTC Act. *Id.* at ¶¶6-9, 12, 77, 79, 81, 120. Finally, Plaintiffs each allege in detail that: (a) they saw the BOGO offers before making their specific purchases, (b) they purchased their Product(s) based upon the BOGO offers pertaining to the specific Product(s) they purchased, and (c) relied on the BOGO offers in making their purchases. FAC ¶¶35-43.

In evaluating the sufficiency of the allegations, the Court must give Plaintiffs the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). On their face, these allegations are sufficient to give Defendants ample notice of the particular circumstances underlying Plaintiffs' claims against them, and they therefore satisfy Rule 9(b)'s burden.

Second, Defendants argue that Plaintiffs are required to allege that Defendants' advertising is "false," which is not the appropriate standard. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The false advertising law prohibits any unfair, deceptive, untrue, or misleading advertising." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code § 17500) (internal quotation marks omitted).  The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

The Ninth Circuit has explained that "these California statutes are governed by the 'reasonable consumer' test." *Williams*, 552 F.3d at 938. "Under the reasonable consumer standard, [Plaintiffs] must show that members of the public are likely to be deceived." *Id.* "The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Id.* (internal quotation marks omitted). The same "reasonable consumer" test applies to the N.Y. GBL claims. *Nelson v. MillerCoors, LLC*, 246 F.Supp.3d 666, 673 (E.D.N.Y. 2017).

Importantly, the Ninth Circuit has stated that "whether a business practice is deceptive will

4

usually be a question of fact not appropriate for decision on" a motion to dismiss. *Williams*, 552 F.3d at 938. Indeed, the Ninth Circuit has characterized it as a "rare situation" where "granting a motion to dismiss is appropriate." *Id*. at 939. The present case is not one of those rare situations.

In addition to the numerous examples of Plaintiffs' allegations satisfying Rule 9(b)'s burden cited above, Plaintiffs allege that "The BOGO price is deceptive or has a reasonable likelihood to deceive consumers because it fails to reveal that the cost of the Free Products is built into the price of the Products that Plaintiffs and the Class must purchase to avail themselves of the BOGO price," FAC ¶27, and "Plaintiffs and putative Class Members all saw and relied on the same deceptive and misleading BOGO price advertising…." FAC ¶19.  As such, under the appropriate standard set forth above, Plaintiffs have sufficiently alleged that Defendants' BOGO offers were deceptive and that they relied on those offers in making their purchases.

**B.     PLAINTIFFS HAVE ADEQUATELY PLEADED CLAIMS FOR MONETARY RELIEF UNDER CALIFORNIA'S CONSUMER PROTECTION STATUTES.**

**1.     Plaintiffs Have Standing to Seek Relief Under the UCL and FAL.**

A federal court sitting in diversity, "must apply the substantive law of California, as interpreted by the California Supreme Court." *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1103 (9th Cir. 2013) (quoting *Karen Kane Inc. v. Reliance Ins. Co*., 202 F.3d 1180, 1183 (9th Cir. 2000)). "[W]hen a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that [she] would not have made the purchase but for the misrepresentation, [she] has standing to sue under the UCL and FAL because [she] has suffered an economic injury." *Hinojos*, 718 F.3d at 1107. Moreover, any plaintiff who has standing under the UCL and FAL "will, *a fortiori*, have . . . establish[ed] CLRA standing." *Id*.

California's UCL requires a plaintiff to establish that she has suffered an "injury in fact" and has lost money or property as a result of the unfair competition. An "injury in fact" is "an invasion of a legally protected interest which is: (a) concrete and particularized; and (b) actual or imminent, not 'conjectural' or 'hypothetical.' " *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). "Particularized" in this context means simply that 'the injury must

affect the plaintiff in a personal and individual way." *Id.* at 560, n.1. Courts have recognized that the "injury in fact" requirement is not a substantial hurdle and that it suffices to allege some specific, "identifiable trifle" of injury. *Labriola v. Bank of Am., Nat. Ass'n*, 2012 WL 1657191 at *6 (N.D. Cal. 2012) (citing *Preminger v. Peake*, 552 F.3d 757, 763 (9th Cir. 2008)).

The Ninth Circuit has recognized that a bargain hunter is, in fact, economically harmed when the seller inflates the ***perceived value*** of its products. "[T]he deceived bargain hunter suffers a more obvious economic injury as a result of false advertising than the *Kwikset* consumer who was duped into buying foreign-made goods, because the bargain hunter's expectations about the product [she] just purchased is precisely that it has a higher perceived value and therefore has a higher resale value." *Hinojos*, 718 F.3d at1106-07 ("[W]hen a consumer purchases merchandise on the basis of false price information . . . [she] suffer[s] an economic injury."). Thus where, as here, the consumer alleged that she would not have made the purchase but for the false price information, she has suffered economic injury. Plaintiffs do not need to allege economic injury to any greater degree of specificity, because, as the Ninth Circuit succinctly stated: "[P]rice advertisements matter." *Id.*

### 2.  Plaintiffs Do Not Have to Plead or Prove Price/Value Differential.

As a threshold matter, Defendants' Motion is improper to the extent that it argues that Plaintiffs need to plead or prove "price/value differential," or that the same is the proper measure for damages in this case. *See* Def. Memo., *passim*. Defendants' novel attempt to adopt this pleading standard must fail for three key reasons. First, Plaintiffs sufficiently allege that they paid a higher price for the Products than the value they received. *See, e.g.*, FAC ¶¶5, 10, 13-14, 16, 27, 72. Second, Defendants, in their first motion to dismiss, conceded that an argument regarding the measure of damages is improper and unsupported at the pleading stage. Dkt. No. 14 at p.9 ("Defendants are not aware of any decision applying the price/value differential rule at the pleading stage…."). Defendants again fail to cite a single case in which a California court has assessed the price/value differential at the pleading stage, despite having additional time to conduct further research prior to the filing of the instant motion. Defendants' position rests on the unsupported assumption that a fact-finder will conclude the amount paid by Plaintiffs was the fair value of the product, which is of course premature at the pleading stage. Third, Defendants' invocation of

1  price/value differential as the proper measure for damages in this case contravenes decisions of the

2  California Supreme Court and Ninth Circuit Court of Appeals.[2]

3        The California Supreme Court has repeatedly held that claims under the UCL and FAL

4  focus on **Defendants'** conduct. *See, e.g.*, *In re Tobacco II Cases*, 46 Cal.4th at 312, 324 ("[T]he

5  focus of the statute is on the defendant's conduct."). Accordingly, restitution is available to "restore

6  to any person in interest any money or property, real or personal, which *may have been acquired* by

7  means of the unfair practice . . . ." *Id.* at 320 (citing Cal. Bus. & Prof. Code § 17203) (emphasis in

8  the original). Defendants' cited cases are inapposite. Specifically, *Cortez v. Purolator Air Filtration*

9  *Prod. Co.*, 23 Cal.4th 163, 174 (2000), was a case in which the plaintiff was seeking damages and

10  restitution for unpaid overtime. Def. Memo., pp.6-7. The section of the opinion cited by Defendants

11  discusses situations where damages may also include an element of restitution. Thus, *Cortez* was

12  discussing one measure of restitution that may be available, but it does not state that restitution is

13  limited to the excess of what a plaintiff gave over the value received. To the contrary, "[t]here are

14  'innumerable ways' that a consumer can show economic injury from unfair competition." *Hinojos*,

15  718 F.3d at 1104.

16        Here, Defendants are essentially arguing their merits defense at the pleading stage by

17  contending that Plaintiffs must ultimately prove that they did not receive full value, or the full

18  benefit, of the bargain. In other words, according to Defendants, Plaintiffs will have to prove that

19  there was a difference between what they paid and the value of what they received. However, not

20  only is this argument inappropriate at the pleading stage, this view has been expressly rejected

21  where, as here, the misrepresentation is material. As the Ninth Circuit explained, the benefit of the

22  bargain defense being advanced by Defendants in their Motion is permissible **only if** the

23  misrepresentation that the consumer alleges is not material. *Hinojos*, 718 F.3d at 1107.

24

25  [2] To the extent that the Court finds an allegation of price/value differential is required, Plaintiffs
   have more than adequately pleaded loss based on perceived value. Specifically, paragraph 5 of the

26  Complaint details the perceived value of Defendants' BOGO ($65.98) as compared to the lower
   value ($10.99) that Plaintiffs and the putative Class actually received. FAC ¶5. Under these

27  circumstances, there is substantial difference between the price Plaintiffs and consumers paid
   ($32.99) and the value that they received.

28

---

7

In *Hinojos*, the Ninth Circuit held that the "benefit of the bargain" defense as the sole measure of damages was explicitly rejected in *Kwikset*. 718 F.3d at 1105-07 ("[T]he 'benefit of the bargain' defense is permissible only if the misrepresentation that the consumer alleges was not 'material.' A representation is 'material,' however, if a reasonable consumer would attach importance to it *or* if 'the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action.'")(emphasis in original); *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal.App.4th 1342, 1375 (2012) (Allegations that consumers overpaid for gasoline purchased at the pump stated a claim of "economic injury" under *Kwikset* because consumers allegedly were required to purchase more fuel to obtain the same amount of energy); *Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 286 (C.D. Cal. 2011) (consumer who purchased defendant's "YoPlus" yogurt product had UCL standing because he alleged he bought in reliance on defendant's allegedly deceptive representations concerning the digestive health benefits and asserted that he suffered economic injury because he did not receive the promised benefits).

As discussed above, the BOGO misrepresentations are material. Hence, Defendants cannot avail themselves of the benefit of the bargain defense under California law. Moreover, although they have repeatedly done so, Plaintiffs do not need to plead or prove price/value differential at any stage in these proceedings. A consumer who challenges a misrepresentation "can satisfy the standing requirement of [UCL/FAL] by alleging, as plaintiffs have here, that he or she would not have bought the product but for the misrepresentation. …. It is also sufficient to allege economic injury." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 330 (2011); *Hinojos*, 718 F.3d at 1107 (same). Accordingly, Plaintiffs have adequately pleaded economic injury and have standing to proceed with their UCL and FAL claims.

Notably, the District Court for the Northern District of California issued an opinion on February 6, 2018, denying a defendant's motion to dismiss based on similar facts. *Gregorio v. The Clorox Company,* 2018 U.S. Dist. LEXIS 19542, at *16-17 (N.D. Cal. 2018) ("*Clorox*"). In *Clorox,* plaintiffs made claims under both California and New York consumer protection laws regarding the mislabeling of various products as "naturally derived." *Id.* at *3. In response to a motion to dismiss

by the defendant, the court held that under California law, "*the economic injury of paying a premium for falsely advertised product is sufficient harm to maintain a cause of action*." *Id.* at *16-17 (emphasis added).

Here, Plaintiffs have alleged the payment of a premium for falsely advertised products. *See* FAC ¶14 ("Defendants deceived and misled Plaintiffs and the Class into purchasing their Products at premium prices…"); *See also* Compl. ¶¶2, 10, 16, 18. Thus, Plaintiffs have alleged harm sufficient to defeat a motion to dismiss.

Defendants cite *Vaccarino v. Midland Nat'l Life Ins. Co.*, 2014 WL 572365, at *9 (C.D. Cal. 2014), for the proposition that "California law does not permit the recovery of benefit-of-the-bargain damages for fraud or for violations of the UCL." Def. Memo., p.10. As discussed above, the California Supreme Court has explicitly rejected such argument where UCL, FAL, and CLRA claims are brought against a defendant fictitiously advertising its "regular" pricing, as is claimed in the instant action. *Hinojos*, 718 F.3d at 1107.

Finally, Defendants' reliance on the assertion that Plaintiffs "still got a good price" is misplaced. Whether a price is "good" is entirely subjective and irrelevant as to whether Defendants' deceptive practices violated the UCL and related statutes. The facts as alleged are, *inter alia*, that Defendants systematically and repeatedly mislead Plaintiffs into purchasing supplements beyond what Plaintiffs would have purchased absent Defendants' misrepresentations. Consumer protection laws explicitly prohibit this type of deceptive advertising, and the California Supreme Court has held such misrepresentations to be grounds for UCL, FAL, and CLRA claims. *See* 16 C.F.R. § 251.1(b)(1); Cal. Bus. & Prof. Code § 17537; *Hinojos*, 718 F.3d at 1107. Thus, Plaintiffs have alleged sufficient facts to state a claim for monetary relief regardless of any price/value differential.

## C. THE COMPLAINT ADEQUATELY STATES CLAIMS UNDER NEW YORK'S CONSUMER PROTECTION STATUTES.

### 1. The Court has Jurisdiction over the New York Plaintiffs' Claims.

Defendants' argument that this Court lacks personal jurisdiction over the New York Plaintiffs' claims relies almost entirely upon a misapplication of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773 (2017). *See* Def. Memo., §III.A.

Indeed, Defendants cite to four cases in support of their argument: *Bristol-Meyers*, and three cases decided in district courts outside of California that relied on *Bristol-Meyers*. However, *Bristol-Meyers* is distinguishable from this case in important ways, and therefore not controlling.

In *Bristol-Meyers,* although the Supreme Court dismissed the claims of nonresident plaintiffs who were not injured in the forum state, the case was decided on significantly different facts: it involved an examination of the authority of a *state court* to exercise jurisdiction over nonresident plaintiffs in a *state court mass tort action*. 137 S.Ct. at 1775. Defendants now seek an unwarranted extension of the holding to this *federal court class action*, despite the fact that the Supreme Court made clear that its holding was not applicable to such cases.

Specifically, the majority explicitly stated that it the holding did not affect the jurisdictional limits of federal courts. *Bristol-Myers*, 137 S.Ct. at 1783-84 ("since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restriction on the exercise of personal jurisdiction by a federal court."). Additionally, in her dissent, Justice Sotomayor explained that the majority left open the question of the decision's applicability to class actions. *Id*. at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.")

The fact that the Supreme Court expressly disclaimed the holding's applicability to *federal courts* presiding over *class actions* is clear evidence that it did not intend to establish precedent for cases like this. Furthermore, the Defendants' inability to cite any precedent in this circuit in support of their argument for extending this law means that it is asking this Court to abandon judicial restraint and make new law by extending the *Bristol-Meyers* holding past the Supreme Court's stated bounds. In fact, Courts in this District have decided the issue with respect to class actions and have uniformly found *Bristol-Myers* inapplicable in this context. *See Sloan v. General Motors LLC*, 2018 WL 784049, at *11 (N.D. Cal. Feb. 7, 2018) (engaging in a lengthy analysis);  *Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) (citing *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *3 (N.D. Cal. Sept. 22, 2017). Given the

substantial consequences that would result from such a drastic change in law, as well as the

Justices' express limitation of the holding in *Bristol-Meyers*, this Court should decline Defendants'

overreaching request.

To the extent that the Court disagrees, Plaintiffs request that the Court allow discovery on

the matter before ruling on this issue. The Court has broad discretion to stay discovery in a case

while a dispositive motion is pending. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557

F.2d 1280 (9th Cir. 1977). "Discovery should ordinarily be granted where … 'a more satisfactory

showing of the facts is necessary.' " *Butcher's Union Local No. 498, United Foods & Commercial

Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc*, 557 F.2d at 1285

n.1). Plaintiffs have a colorable basis to believe that discovery will uncover additional facts

regarding Defendants' contacts with California supporting the exercise of personal jurisdiction. For

example, according to their most recent 10-K filing, they manufacture the Products in and have

warehousing and distribution facilities in California. *See* Defendants' 2015 SEC Form 10-K,

available at https://www.sec.gov/Archives/edgar/data/70793/000104746915008748/a2226563z10-

k.htm As such, further investigation is warranted.

### 2. New York's GBL §§ 349 and 350 Apply Extraterritorially.

Defendants erroneously argue that GBL §§349 and 350 do not apply to claims of purchasers

who reside outside of New York, and as such, only the New York Plaintiffs have statutory standing

to assert these claims. *See* Def Memo. §III.A.2.a. Although Defendants recognize that the FAC

itself cites *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013) to demonstrate that sections

349 and 350 apply to every named Plaintiffs' transactions, they dispute *Cruz's* applicability.

However, Defendants' attempt to distinguish *Cruz* is unavailing.

In *Cruz*, the Second Circuit analyzed the "two divergent lines of decisions … regarding the

proper territorial analysis under section 349": one requires that a plaintiff must view a deceptive

statement in New York to have standing, and one that focuses on where the deceptive *transaction*

takes place regardless of where the plaintiff is deceived. *Id.* at 123. The court concluded that "a

deceptive transaction in New York falls within the territorial reach of section 349 and suffices to

give an out-of-state victim who engaged in the transaction statutory standing to sue under section

349." *Id.* (extending this analysis to section 350 as well). In so holding, the court noted that in *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314 (2002), a case on which Defendants heavily rely, New York's highest court expressly stated that the text of sections 349 and 350 was not "intended to function as a per se bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state." *Cruz*, 720 F.3d at 122.

Contrary to Defendants' expansive reading of the *Bristol-Meyers* case, they argue for a narrow reading of *Cruz* here because it purportedly decided on different facts and was not a false advertising case. Yet the language of *Cruz* makes clear that its analysis was in the context of sections 349 and 350's prohibition on deceptive acts or practices and false advertising in general, as well as the statutory limiting phrase "in this state" in those sections. *Id.* at 122. In other words, *Cruz* analyzed the statutory language and intent of the same statutes at issue in this case, and nowhere in the opinion did the court limit its analysis to the specific facts of that case.

Defendants rely solely on the District of Columbia's holding in *Mouzon v. Radiancy, Inc.*, 85 F.Supp.3d 361, 375 (D.D.C. 2015), to for their argument that *Cruz* is inapplicable, but a more recent opinion issued by a New York court in a false advertising case followed the holding in *Cruz,* reasoning that "there is no persuasive post-*Cruz* evidence that the New York Court of Appeals would disagree." *Cline v. TouchTunes Music Corp.*, 211 F.Supp.3d 628, 633 (S.D.N.Y. 2016); *accord Ward v. TheLadders.com, Inc.*, 3 F.Supp.3d 151, 167 (S.D.N.Y. 2014).

Under the transactional test set forth in *Cruz*, Plaintiffs have adequately pleaded facts satisfying the territorial requirements of GBL §§ 349 and 350 under Rule 8. The *Cruz* court held that the following allegations satisfied the territorial requirement: (1) the defendant was paid in New York, (2) the defendant required that all customer communications be directed to a New York location, and (3) the agreement with the consumers contained choice-of-law and forum-selection clauses selecting New York law and New York courts for litigation of disputes. *Id.* at 123-24.

Here, the facts are even stronger than in *Cruz*. Plaintiffs allege that: (a) from its nerve center in New York, Defendants created, directed, controlled, coordinated, and distributed the allegedly false, misleading and deceptive advertising and sale of Products; (b) all Plaintiffs were required to send payment to New York and their transactions were completed in New York; (c) Defendants

stored Plaintiffs' personal data for marketing purposes in New York; and (d) Defendants' warehouse distribution center is located in Long Island, New York, from where Defendants ship the Products to Plaintiffs and Class Members nationwide. FAC ¶¶44, 46, 57, 60, 62-63, 143. Accordingly, GBL §§ 349 and 350 apply to out-of-state purchases of the Products, so the California Plaintiffs have standing to assert claims thereunder on behalf of a nationwide class.

### 3. The California Plaintiffs Have Standing to Assert Claims Under GBL §§ 349 and 350, and Have Adequately Alleged Actual Injury.

Defendants advance two arguments that are derivative of their earlier defective arguments. First, Defendants argue that California Plaintiffs lack standing to assert claims based on New York law because they were not injured there. *See* Def Memo. §III.A.2.b. However, Plaintiffs addressed that argument immediately above, wherein they demonstrated that GBL §§ 349 and 350 apply extraterritorially in these circumstances. Second, Defendants argue that Plaintiffs alleged no facts showing injury (price/value differential) as required under GBL §§ 349 and 350. *See* Def Memo. §III.B. Plaintiffs addressed the defects in that argument at length in section III.B, *supra*.

### D. PLAINTIFFS HAVE ADEQUATELY PLEADED DAMAGES UNDER THE CLRA.

Defendants incorrectly argue that Plaintiffs must demonstrate damages pursuant to Cal. Civ. Code § 3345 in order to properly plead their claims under the CLRA. Def. Memo., p.11. "That assumption is incorrect. The 'damage' that a plaintiff in a CLRA action must show under Civil Code section 1780, subdivision (a) is 'any damage,' which 'is not synonymous with "actual damages" and 'may encompass harms other than pecuniary damages.'" *In re Steroid Hormone Prod. Cases*, 181 Cal.App.4th 145, 156 (2010), *as modified on denial of reh'g* (Feb. 8, 2010) (citing *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 640 (2009)).

Moreover, under the CLRA, Plaintiffs may show damages on a classwide basis, if they can show that the alleged BOGO price misrepresentation was material. *In re Steroid Hormone Prod. Cases*, 181 Cal.App.4th at 156-57 (Plaintiff "correctly argues that he is entitled to show that GNC's alleged deceptive conduct caused the same damage to the class by showing that the alleged misrepresentation was material, even if GNC might be able to show that some class members would have bought the products even if they had known [the truth]."); *see also Massachusetts Mut. Life*

13

1  *Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282, 1292 (2002), *as modified on denial of reh'g* (May

2  29, 2002) ("Causation as to each class member is commonly proved more likely than not by

3  materiality. That showing will undoubtedly be conclusive as to most of the class.")

4      Here, the "damage" alleged in this case is that, in reliance on Defendants' deceptive BOGO

5  price advertising, Plaintiffs suffered damages, *inter alia*, by paying for purportedly free Products,

6  purchasing Defendants' Products over lower priced alternatives based on the false promise of free

7  Products, and purchasing more of Defendants' Products than they intended. Plaintiffs have thus

8  adequately pleaded damages under the CLRA on an individual basis. Given that the

9  misrepresentation is related to price, and thus, material, Plaintiffs will also be able to establish

10  damages on a class-wide basis under the CLRA.

11  **E.    PLAINTIFFS HAVE ADEQUATELY PLEADED UNJUST ENRICHMENT.**

12      **1.    Plaintiffs Have Adequately Pleaded Unjust Enrichment Under New**
         **York Law.**

13
14  To prevail on a claim for unjust enrichment in New York, a plaintiff must establish: "(1)

15  defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances

16  were such that equity and good conscience require defendants to make restitution." *Hughes v. Ester*

17  *C Co.*, 930 F.Supp.2d 439, 471 (E.D.N.Y. 2013) (citing *Intellectual Capital Partner v. Institutional*

18  *Credit Partners LLC*, 2009 WL 1974392, at *8 (S.D.N.Y. 2009)). Thus, price/value differential is

19  not an element of New York's unjust enrichment doctrine.  Simply stated, "[p]laintiffs . . . establish

20  [unjust] enrichment was at plaintiffs' expense, [by] stating that they would not have purchased [the

21  product] or paid a premium for it, had it not been for defendants' misrepresentations, or had

22  plaintiffs known the veracity of such statements." *Hughes*, 930 F.Supp.2d at 471.

23      Here, Plaintiffs have extensively pleaded that they would not have purchased the products

24  but for Defendants' misrepresentation. Moreover, to the extent that New York law may require a

25  showing of price/value differential, Plaintiffs have properly pleaded that. FAC ¶5 (pleading that the

26  value was not the same as the price paid by Plaintiffs). Accordingly, Plaintiffs have properly

27  pleaded a claim under New York's unjust enrichment doctrine.

28      **2.    Plaintiffs Have Adequately Pleaded Unjust Enrichment Under**
         **California Law.**

Defendants' assertion that Unjust Enrichment is not an independent action under California law is patently incorrect. While California courts are split on the issue, numerous recent California cases have recognized unjust enrichment as a cause of action. *Lectrodryer v. Seoul Bank*, 77 Cal.App.4th 723, 726 (2000) (2nd District stating unjust enrichment is a claim); *Peterson v. Cellco*, 164 Cal.App.4th 1583, 1593 (2008) (4th District stating elements of unjust enrichment); *Elder v. Pacific Bell Telephone Co.*, 205 Cal.App.4th 841, 857 (2012) (1st District stating elements of unjust enrichment); *Ohno v. Yasuma*, 723 F.3d 984, 1006 n.25 (9th Cir. 2013) ("The Supreme Court of California and California Courts of Appeal have recognized actions for relief under the equitable doctrine of unjust enrichment"). The elements of a claim for unjust enrichment in California are (1) receipt of a benefit and (2) the unjust retention thereof at the expense of another. *Elder*, 205 Cal.App.4th at 857.

Here, Plaintiffs have extensively pleaded that they would not have purchased the products but for Defendants' misrepresentations. Defendants have benefited by misleading Plaintiffs with deceptive and untrue advertising in violation of numerous consumer protection statutes. The allegations regarding Defendants' retention of the benefits wrongfully received at Plaintiffs' expense meet the pleading requirements of a claim for unjust enrichment. As such, Plaintiffs have adequately plead unjust enrichment under California law.[3]

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY Defendants' Motion in its entirety. To the extent that the Court finds that Plaintiffs' allegations are defective, Plaintiffs respectfully request leave to amend under Fed. R. Civ. P. 15. *See Sarkisov v. Stonemor Partners L.P.*, 2014 WL 12644016, at *2 (N.D. Cal. 2014) ("Federal Rule of Civil Procedure 15(a)(2) provides that the Court should 'freely give leave [to amend] when justice so requires.' ").

---

[3] In a footnote, Defendants argue that Plaintiffs would be unable to certify the class given *In re Hyundai & Kia Fuel Econ. Litig.*, No. 15-56014, 2018 WL 505343, at *12 (9th Cir. Jan. 23, 2018*)*, without providing *any* analysis as to why that decision would bar class certification. Def. Memo., p.17, n.2. Without addressing the merits of Defendants' contention, such argument is premature at this stage of litigation and more appropriate for determination at the class certification stage.

Respectfully submitted,

Dated: February 12, 2018                    **MARLIN & SALTZMAN, LLP**

By: */s/ Stanley D. Saltzman*
    Stanley D. Saltzman, Esq.
    Adam Tamburelli, Esq.
Counsel for Plaintiffs and the Proposed
Class

Dated: February 12, 2018                    **LAW OFFICES OF W. HANSULT**

By: */s/ William Hansult*
    William Hansult, Esq.

Counsel for Plaintiffs and the Putative Class

Dated: February 12, 2018                    **CUTTER LAW, P.C.**

By: */s/ C. Brooks Cutter*
    C. Brooks Cutter, Esq.
    John R. Parker, Esq.
Counsel for Plaintiffs and the Proposed Class

Dated: February 12, 2018                    **VISION LEGAL, INC.**

By: */s/ Tina Mehr*
    Tina Mehr, Esq.
Counsel for Plaintiffs and the Proposed
Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION OF FILER**

I, Adam M. Tamburelli, attest that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

Signed this 12th day of February, 2018

*/s/* Adam M. Tamburelli
Adam M. Tamburelli

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1

## <u>CERTIFICATE OF SERVICE</u>

2

   I, Adam M. Tamburelli, an attorney, certify that I caused the foregoing document to be

3

served on all counsel of record in this action via the Court's CM/ECF system on February 12,

4

2018.

5

6

   By: _____/s/ Adam M. Tamburelli_____
                   Adam M. Tamburelli

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT