ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (SBN 133114)
james.speyer@arnoldporter.com
E. Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
Ryan W. Light (SBN 293858)
ryan.light@arnoldporter.com
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:    213.243.4000
Fax:               213.243.4199

Attorneys for Defendants
PURITAN'S PRIDE, INC. and
THE NATURE'S BOUNTY CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DARCEY SHARP, MARY LUDOLPH-ALIAGA, PENELOPE MUELLER, JAY WERNER, DIANE CABRERA, MEG LARSON, GARY OPAS, and JOANNE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PURITAN'S PRIDE, INC., a New York Corporation; THE NATURE'S BOUNTY CO. (f/k/a NBTY, INC.), a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 16-cv-06717- JD, consolidated with No. 17-cv-2536-JD<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge:         Hon. James Donato<br>Date:           March 8, 2018<br>Time:          10:00 a.m.<br>Ctrm:          11<br><br>Action Filed: October 14, 2016 |

38228782

**TABLE OF CONTENTS**

**Page**

Argument ..................................................................................................................................... 1

I.   THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT ALLEGES NO FACTS SHOWING WHY THE ADVERTISING WAS FALSE ............................................ 1

II.  PLAINTIFFS' CLAIMS FOR MONETARY RELIEF UNDER THE UCL, FAL AND CLRA FAIL ............................................................................................................. 2

    A.   The Monetary Claims Under The UCL And FAL Fail ................................................. 2

        1.   Plaintiffs Deliberately Confuse Standing To Sue With Entitlement To Restitution ..................................................................................................... 3

        2.   Plaintiffs Plead No Facts Showing A Price/Value Differential ....................... 4

    B.   Plaintiffs' Monetary Claim Under The CLRA Fails ..................................................... 5

III. THE FOURTH CAUSE OF ACTION (UNDER NYGBL 349 AND 350) FAILS ................. 5

    A.   Neither Set Of Plaintiffs Can Invoke NYGBL 349 And 350 ........................................ 6

        1.   The Court Lacks Personal Jurisdiction Over The New York Plaintiffs' Claims .......................................................................................................... 6

        2.   The California Plaintiffs Cannot Assert Claims Under NYGBL 349 and 350 ................................................................................................................ 7

    B.   The NYGBL Claims Fail For The Additional Reason That They Allege No Facts Showing Injury ................................................................................................ 9

IV.  THE FIFTH CAUSE OF ACTION (UNJUST ENRICHMENT) FAILS ................................ 9

    A.   The New York Plaintiffs Have No Unjust Enrichment Claim ..................................... 9

    B.   The California Plaintiffs Have No Unjust Enrichment Claim ................................... 10

Conclusion ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Avila v. Wells Fargo Bank, Nat'l Ass'n*,
  2016 WL 7425925 (N.D. Cal. Dec. 23, 2016) ................................................................. 8

*Babaian v. Dunkin' Brands Group, Inc.*,
  Case No. 17-VAP (MRWx) (C.D. Cal. Feb. 15, 2018) ............................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 5

*Bristol-Myers Squibb Co. v. Super. Ct.*,
  137 S. Ct 1773 (2017) ............................................................................................ 6, 7, 9

*Callaghan v. BMW of N. Am., LLC*,
  2014 WL 6629254 (N.D. Cal. Nov. 21, 2014) ............................................................. 10

*Chowning v. Kohl's Dep't Stores, Inc.*,
  2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) ............................................................... 4

*Cline v. TouchTunes Music Corp.*,
  211 F. Supp. 3d 628, 634 (S.D.N.Y. 2016) .................................................................... 9

*Corcoran v. CVS Health Corp.*,
  2016 WL 4080124 (N.D. Cal. July 29, 2016) ................................................................ 9

*Cruz v. FXDirectDealer, LLC*,
  720 F.3d 115 (2nd Cir. 2013) ......................................................................................... 8

*Dole Food Co., Inc. v. Watts*,
  303 F. 3d 1104 (9th Cir. 2002) ....................................................................................... 6

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
  2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) ............................................................... 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ....................................................................................................... 7

*Gregorio v. The Clorox Co.*,
  2018 WL 732673 (N.D. Cal. Feb. 6, 2018) .................................................................... 4

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) .................................................................................... 3, 4

*Hughes v. Ester C Co.*,
  930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................................... 10

*Lewis v. Tel. Emps. Credit Union*,
  187 F. 3d 1537 (9th Cir. 1996) ....................................................................................... 8

*Russell v. Kohl's Dep't Stores, Inc.*,
  2015 WL 12781206 (C.D. Cal. Oct. 6, 2015) ................................................................. 3

*Ryman v. Sears, Roebuck & Co.*,
  505 F.3d 993 (9th Cir. 2007) ...................................................................................... 10

*Sperling v. DSW Inc.*,
  2016 WL 354319 (C.D. Cal. Jan. 28, 2016) ............................................................. 1, 2

*Vaccarino v. Midland Nat'l Life Ins.*,
  2014 WL 572365 (C.D. Cal. Feb. 3, 2014) .................................................................. 4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ..................................................................................... 1

**STATE CASES**

*Clayworth v. Pfizer, Inc.*,
  49 Cal. 4th 758 (2010) ................................................................................................ 3

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) .................................................................................. 10

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
  774 N.E.2d 1190 (N.Y. 2002) ............................................................................. 7, 8, 9

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ................................................................................................ 3

*Smith v. Chase Manhattan Bank, USA, N.A.*,
  741 N.Y.S. 2d 100 (N.Y. App. Div. 2002) ................................................................ 10

*In re Tobacco Cases II*,
  240 Cal. App. 4th 779 (2015) ...................................................................................... 4

**STATUTES, RULES AND REGULATIONS**

Cal. Bus. & Prof. Code § 17203 ........................................................................................ 3

Cal. Bus. & Prof. Code § 17204 ........................................................................................ 3

Fed. R. Civ. P. 9 ................................................................................................................. 1

NYGBL § 349 ............................................................................................................ passim

NYGBL § 350 ..................................................................................................................... 5

## Argument[1]

### I. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT ALLEGES NO FACTS SHOWING WHY THE ADVERTISING WAS FALSE

In their Opening Memorandum, defendants showed that plaintiffs had not alleged facts showing that the "Buy one" price of any product plaintiff actually bought was deceptive or falsely inflated. Mot. 5. Specifically, defendants noted that even accepting for purposes of this motion plaintiffs' theory that a BOGO price is falsely inflated if defendants sold few or no single bottles at the "Buy one" price, plaintiffs had not alleged any facts regarding the sales of any of the items that plaintiffs actually purchased. *Id.* Because the entire theory of plaintiffs' case is based on the proposition that defendants' advertising is false and misleading because their BOGO promotions falsely inflated the regular price of the product to make it appear as though the consumer was getting additional product for free, this defect infects all of plaintiffs' claims.

Plaintiffs do not address this deficiency in their opposition. Instead, they cite inapposite authority regarding the reasonable consumer test (Opp. 4), refer to an "illustrative example of how the BOGO offer is deceptive" (*id.* at 3 (citing FAC ¶ 5)), and contend that they need not do more to allege deception (*id.* at 4-5).

Plaintiffs are wrong. Notwithstanding the application of a reasonable consumer test, plaintiffs must still allege facts showing why an alleged advertisement is false. *Sperling v. DSW Inc.*, 2016 WL 354319, at *5-7 (C.D. Cal. Jan. 28, 2016) (acknowledging reasonable consumer standard, but ruling that Rule 9 requires plaintiff to allege facts showing why an alleged representation is false or deceptive). Indeed, the Court has already ruled that plaintiffs must allege "why" the ads they saw were "deceptive or misleading." Ex. 1 (Dkt. 89-1) at 4:15-17; *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (under Rule 9(b) "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false" (citation omitted)).

---

[1] Plaintiffs contend that the Court must deny this motion because "the issues raised in Defendants' motion have already been rejected by the Court after thorough briefing." Opp. 3; *see also id*. at 2 (similar). Plaintiffs' willingness to make this patently false assertion is troubling. As the Court is aware, it dismissed the previous complaint for failure to satisfy the requirements of Rule 9. Mot. Ex. 1 (Dkt. 89-1) at 3:20-22. It did not address, because it did not need to address, any of defendants' other arguments for dismissal. *Id.*

Conclusory allegations that price advertisements are deceptive are insufficient. *Sperling*, 2016 WL 354319, at *7 (granting motion to dismiss with prejudice). In *Sperling*, the plaintiff alleged that defendant's reference prices were inflated. The court dismissed the complaint, holding that it failed to explain "how Defendants' comparative reference prices are inflated" and did "not make clear whether Plaintiff investigated the prevailing market prices of both shoes [she purchased] at or near the time these comparative reference prices were listed by Defendants." *Id.* at *6-7.

Similarly, plaintiffs here have not alleged any facts explaining why the "Buy one" prices of any of the items they purchased are inflated. They have not alleged facts about any investigation they conducted. They simply point to a made-up "illustrative example" that has nothing to do with the actual products plaintiffs purchased. Opp. 3.

Before plaintiffs filed their previous complaint, the Court warned them to include a "substantially more detailed who, what, where, why, when allegation of facts . . . ." Mot. Ex. 1 (Dkt. 89-1) at 4:10-14. Plaintiffs failed to do so, and the Court accordingly dismissed that previous complaint. Plaintiffs then filed the operative complaint, after the Court had again put them on notice of their obligation to plead facts showing *why* defendants' advertisements were misleading. *Id.* at 4:14-17. Again, plaintiffs failed to do so. That failure warrants dismissal with prejudice.

## II. PLAINTIFFS' CLAIMS FOR MONETARY RELIEF UNDER THE UCL, FAL AND CLRA FAIL

### A. The Monetary Claims Under The UCL And FAL Fail

Just last week, a district court in California granted a motion to dismiss in a UCL false advertising case because plaintiff failed to allege facts showing a price/value differential. *Babaian v. Dunkin' Brands Group, Inc.*, Case No. 17-VAP (MRWx) (C.D. Cal. Feb. 15, 2018), attached as Exhibit 1 to Defendants' Request for Judicial Notice ("RJN"). In *Babaian*, plaintiff sought restitution under the UCL on the ground that advertisements for blueberry donuts were misleading because they did not contain real blueberries. RJN Ex. 1 at 5-7. Dunkin' moved to dismiss the claim for restitution because plaintiff alleged no facts showing that he paid more than the value of the product he received in return. *Id.* at 19-23. In granting the motion, the court stated: "the Court cannot allow Plaintiff to proceed on a barebones assertion of a price premium without some factual basis for that assertion." *Id*.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED COMPLAINT

at 21-22.

*Babaian* is on all fours with the instant case. Defendants' motion showed that restitution under the UCL and FAL (which is the only monetary relief available under those statutes) is available only where a plaintiff paid more than the value of the product he received in return. Mot. 6-7. Plaintiffs' opposition simply ignores the leading California and Ninth Circuit authority cited by defendants, as well as all of the caselaw defendants cited explaining how the three "limiting principles" of restitution compel this result. Mot. 7-8. This authority is accordingly unchallenged.

Despite their failure to address the controlling cases, plaintiffs contend that they have pleaded claims for monetary relief under the UCL and FAL. Their arguments are unconvincing.

### 1. Plaintiffs Deliberately Confuse Standing To Sue With Entitlement To Restitution

Relying on the Ninth Circuit's *Hinojos* opinion, plaintiffs assert that they have incurred an "economic injury" entitling them to restitution because they bought a product they would not have bought absent the alleged false advertising. Opp. 6 (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106-07 (9th Cir. 2013)). Plaintiffs are deliberately confusing *standing to sue* under the UCL with *entitlement to restitution* under the UCL. *Hinojos* was a case about standing only: The Ninth Circuit stated that the "only question" before it in that case was whether a plaintiff has standing to sue when he alleges he would not have bought a product absent defendant's misrepresentations. 718 F.3d at 1101, 1107. It said nothing about a plaintiff's entitlement to restitution.

Defendants do not challenge plaintiffs' standing to sue with this motion – they challenge plaintiffs' entitlement to monetary relief. The two are not to be confused. As the California Supreme Court has made clear, "the standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 335-36 (2011); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 789 (2010) (UCL plaintiff can have standing but nevertheless be unable to establish a right to restitution). Indeed, district courts have chastised litigants for making the same argument plaintiffs make here because it "blur[s] the line between standing and entitlement to restitution . . . ." *Russell v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781206, at *3 (C.D. Cal. Oct. 6, 2015). Thus, while a plaintiff establishes *standing* by showing she would not

have bought the product absent defendant's misrepresentation, that says nothing about her *eligibility for restitution*, which is established only by showing that she paid more than the value of the product she received. *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 802 (2015) (holding that trial court "lacked discretion to award restitution" because plaintiffs "did not establish any price/value differential").

Plaintiffs also cite *Hinojos* to claim that the rule requiring proof of a price/value differential to recover restitution "has been expressly rejected where, as here, the misrepresentation is material." Opp. 7. But as shown above, that seriously misstates the law, because *Hinojos* did not address any issue regarding restitution. This misstatement is all the more disheartening because plaintiffs made the same misrepresentation in their opposition to defendants' original motion to dismiss (Dkt. 23 at 7-8) and second motion to dismiss (Dkt. 81 at 8-9), and defendants explained precisely why this was wrong in both reply memoranda (Dkt. 29 at 3-4; Dkt. 84 at 5-6).

Plaintiffs' reliance on *Gregorio v. The Clorox Co.*, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018) is also misplaced. *Gregorio* has nothing to do with entitlement to restitution under the UCL. It merely held that the complaint adequately stated common-law claims for fraud and negligent misrepresentation. *Id.* at *5-6.

### 2. Plaintiffs Plead No Facts Showing A Price/Value Differential

Defendants' motion showed that plaintiffs' claim is not that they paid more than the value of the products they received, but that they didn't get the deal they thought they were getting. Mot. 10 (showing that their grievance is not that in a "Buy One Get One Free" promotion they paid more than the value of the two products they received, but that they thought they were getting the second product for "free"). The motion further showed that this type of dashed expectation is not relevant to whether a plaintiff can recover restitution. *Id.*; *see also Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 1072129, at *9 (C.D. Cal. Mar. 15, 2016) ("To determine Plaintiff's loss for purposes of restitution, the focus should be on what Plaintiff *actually received* given the price she paid, not on the bargain Plaintiff *thought she was receiving*." (emphasis in original)); *Vaccarino v. Midland Nat'l Life Ins.*, 2014 WL 572365, at *9-10 (C.D. Cal. Feb. 3, 2014) (benefit-of-the-bargain damages unavailable under the UCL).

Plaintiffs' opposition *does not dispute* that they are not claiming that they paid more than the value of the products they received. Indeed, it confirms that their theory is only that they did not get the deal they thought they were getting. They state that "[t]o the extent that the Court finds an allegation of price/value differential is required, Plaintiffs have more than adequately pleaded loss based on *perceived* value. Specifically, paragraph 5 of the Complaint details the *perceived* value of Defendants' BOGO . . . ." Opp. 7 n.2 (emphasis added). This disposes of their claim for monetary relief, because "perceived" value – in other words, "the bargain plaintiff thought she was receiving" – is irrelevant to whether they can recover restitution. *See* Mot. 9-10; *see also* p. 4, *supra*.

In any event, there are no factual allegations of price/value differential anywhere in the FAC. Paragraph 5 discusses only "perceived" value, and is insufficient for the additional reason that it concerns a hypothetical example rather than any product bought by any of the plaintiffs. FAC ¶ 5. The other paragraphs cited by plaintiffs (at Opp. 6 & 9) – 2, 10, 13-14, 16, 18, 27 and 72 – either allege in conclusory terms that plaintiffs paid a "premium price" for the product, or further confirm that their true grievance is that they didn't get the deal they thought they were getting. *E.g.*, FAC ¶ 72 ("consumers are not getting the Free Products they thought they were getting"). Either way, these allegations are insufficient to state a claim for monetary relief under the UCL. RJN Ex. 1 at 21-22 (rejecting "barebones assertion of a price premium"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Plaintiffs' Monetary Claim Under The CLRA Fails

Defendants showed, and plaintiffs do not dispute, that a plaintiff who cannot allege facts showing a price/value differential cannot recover monetary damages on a CLRA claim. Mot. 10. Instead, plaintiffs note that a claim under the CLRA "may encompass harms other than pecuniary damages." Opp. 13. However, this does not help plaintiffs, because their FAC *does not allege* any non-pecuniary damage. Plaintiffs' only claimed damages are monetary – in other words, pecuniary.

### III. THE FOURTH CAUSE OF ACTION (UNDER NYGBL 349 AND 350) FAILS

Defendants showed that plaintiffs have no claim under New York General Business Law ("NYGBL") sections 349 and 350 because (1) this Court lacks personal jurisdiction over the New York set of plaintiffs, and (2) the California plaintiffs cannot invoke the statutes. Mot. 10-16.

- 5 -
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED COMPLAINT

Moreover, neither set of plaintiffs has alleged facts sufficient to establish the essential element of injury required by the statutes. *Id.* at 15-16. Plaintiffs' opposition does not rebut any of these points.

### A. Neither Set Of Plaintiffs Can Invoke NYGBL 349 And 350

#### 1. The Court Lacks Personal Jurisdiction Over The New York Plaintiffs' Claims

Plaintiffs do not deny that if this Court were to follow the United States Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct 1773 (2017) ("*BMS*"), it would have to dismiss the claims of the New York plaintiffs for lack of personal jurisdiction because, just as in *BMS*, there is no "connection between the forum and the specific claims [of the New York plaintiffs] at issue." *Id.* at 1781. Plaintiffs argue instead that this Court should not follow *BMS* because (1) it involved limitations on the personal jurisdiction of a state court, not a federal court, and (2) it involved a mass action rather than a class action. Opp. 10. Plaintiffs are wrong, and their two arguments for not following *BMS* are meritless.

In the wake of *BMS*, at least four courts have applied it to federal courts. *See* Mot. 12 (citing cases). For example, in *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017), the court expressly held that *BMS* applies to federal courts, noting that "[n]othing in the *Bristol-Myers* [o]pinion [l]imits the [d]ecision's [r]easoning to [s]tate [c]ourts" and that "federal courts routinely apply the specific jurisdiction analysis to defendants in cases that are before them solely on the basis of diversity." *Id.* at *4.

*Fitzhenry-Russell* got it right. When there is no federal statute governing personal jurisdiction (as is the case here), the law of the forum state determines the personal jurisdiction of a district court. *Dole Food Co., Inc. v. Watts*, 303 F. 3d 1104, 1110 (9th Cir. 2002). In *Dole*, the Ninth Circuit held that because "California's long-arm . . . statute is coextensive with federal due process requirements, *the jurisdictional analyses under state law and federal due process are the same*." *Id.* (emphasis added).

Further, it is irrelevant that this case involves a purported class action, rather than a mass action. Defendants do not argue on this motion that the limits on personal jurisdiction set forth in *BMS* apply to absent class members, and this Court need not decide the issue. Instead, defendants argue

only that the Court lacks personal jurisdiction over the *individual named plaintiffs*. Plaintiffs do not and cannot claim that the analysis for whether the Court has personal jurisdiction over a named plaintiff in a lawsuit should vary depending on whether the case is a mass action or a class action. The decisions cited by plaintiffs for the proposition that *BMS* does not apply to absent class members (Opp. 10) accordingly do not help them.

Plaintiffs also ask the Court to defer ruling on this issue until they have conducted jurisdictional discovery. Opp. 11. They claim that, even though they have not pleaded it, defendants have warehousing and distribution facilities in California. *Id*. But two pages later in their Opposition, they state that "*Defendants' warehouse distribution center is located in Long Island, New York*, from where Defendants ship the Products to Plaintiffs and Class Members nationwide[,]" and cite numerous paragraphs of the FAC where this allegation appears. Opp. 13. Moreover, given that the FAC alleges that defendants' "nerve center" is in New York, that New York is where all "major business decisions" are made (FAC ¶¶ 44, 46), and that defendants "created, directed, controlled, coordinated and distributed the allegedly false, misleading and deceptive advertising and sale of Products" from New York (Opp. 12), there is no reason to think that jurisdictional discovery will establish "what is missing here -- . . . a connection between the forum and the specific claims in issue." *BMS*, 137 S.Ct. at 1781.[2]

### 2. The California Plaintiffs Cannot Assert Claims Under NYGBL 349 and 350

#### a. The territorial reach of the NY statutes does not extend to persons deceived outside of New York

In *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190 (N.Y. 2002), the New York Court of Appeals dismissed claims of non-New York plaintiffs under NYGBL 349 and 350 because those plaintiffs viewed, and were allegedly deceived by, the alleged false advertising outside of New York: "Out-of-state plaintiffs . . . similarly cannot allege that they were deceived in New York. Thus, their complaint does not state any cognizable cause of action." *Id.* at 1196 (citation omitted). This was the

---

[2] Plaintiffs' suggestion that Defendants have manufacturing facilities in California (Opp. 11) would not be sufficient to establish specific personal jurisdiction, even if it were true (it is not) and even if it were pleaded in the FAC. This is a case about alleged false advertising; it is not a products liability case and there is no issue concerning the manufacturing or quality of the products. S*ee Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) ("A corporation's 'continuous activity of some sorts within a state' . . . 'is not enough to support the demand that the corporation be amenable to suits *unrelated* to that activity.'" (emphasis added; citation omitted)).

explicit holding of the case. Because the California plaintiffs in the case at bar do not and cannot allege that they viewed or were deceived by the advertisements in New York, *Goshen* bars their claims under NYGBL 349 and 350.

Plaintiffs' opposition fails entirely to grapple with *Goshen*'s holding. Instead, it argues that the Court should follow the Second Circuit's opinion in *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2nd Cir. 2013). Opp. 11-12. But plaintiffs do not deny that this Court is bound by decisions of the New York Court of Appeals, and not decisions of the Second Circuit. Mot. 14 (citing *Lewis v. Tel. Emps. Credit Union*, 187 F. 3d 1537, 1545 (9th Cir. 1996); *Avila v. Wells Fargo Bank, Nat'l Ass'n*, 2016 WL 7425925, at *4 (N.D. Cal. Dec. 23, 2016)). That ends the matter, because *Goshen* unequivocally holds that "the deception of a consumer must occur in New York" in order for NYGBL 349 and 350 to apply. *Goshen*, 774 N.E.2d at 1195.

To the extent there is friction between *Goshen* and *Cruz*, it is because the *Cruz* panel believed that a "split of authority" had developed subsequent to *Goshen* about the appropriate territorial test to apply. *Cruz*, 720 F.3d at 122. According to *Cruz*, some courts require that "a plaintiff actually view a deceptive statement while in New York," while other courts focus on the statement in *Goshen* that "the transaction in which the consumer is deceived must occur in New York." *Id.* at 123 (citations omitted). *Cruz* then decided that it was appropriate to apply NYGBL 349 and 350 if the "transaction in which the consumer [was] deceived" occurred in New York, even if the consumer actually viewed and was deceived by the allegedly deceptive statement outside of New York. *Id.* at 122-24.

However, nothing in *Goshen* supports the notion that NYGBL 349 and 350 will apply if the "transaction" occurred in New York, but the consumer was deceived outside of New York. *Goshen* held that in order for NYGBL 349 and 350 to apply, the consumer must have been deceived in New York, *and* the "transaction" must have occurred in New York. *Goshen*, 774 N.E.2d at 1195. Any reading of *Goshen* that allows NYGBL 349 and 350 to reach claims by consumers who viewed and were deceived by advertisements outside of New York cannot be reconciled with its express holding.

Besides *Cruz*, the only cases plaintiffs cite in support of their position are two decisions following *Cruz* from district courts within the Second Circuit. Opp. 12. However, even one of these cases recognized that *Cruz* was "arguably in significant tension with *Goshen*, which specifically

- 8 -
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED COMPLAINT

warned against an overly broad reading of the statute's territorial reach." *Cline v. TouchTunes Music Corp.*, 211 F. Supp. 3d 628, 634 (S.D.N.Y. 2016).  While these courts may have felt compelled to follow the Second Circuit, this Court is under no such constraint.

### b. The California plaintiffs lack standing to assert claims under New York law

Defendants showed that an additional and independent reason why the California plaintiffs cannot invoke NYGBL 349 and 350 is that they lack Article III standing to do so, according to the "consensus" opinion among Northern District courts that a named plaintiff lacks standing to assert claims based on the laws of states where he or she does not reside and was not injured.  Mot. 15 (citing *Corcoran v. CVS Health Corp.*, 2016 WL 4080124, at *2 (N.D. Cal. July 29, 2016)).  Plaintiffs' only response to this showing is to assert that this is the same argument as the argument about the extraterritorial limits of NYGBL 349 and 350.  Opp. 13.  Plaintiffs are wrong.  The extraterritorial limits of the New York statute are determined by the words of that statute and the underlying legislative intent.  *See Goshen*, 774 N.E.2d at 1195-96.  The rule that a California plaintiff lacks standing to invoke the statute of any state where he or she does not live and was not injured is not determined by New York or any other state's law, but rather by Article III of the United States Constitution.

### B. The NYGBL Claims Fail For The Additional Reason That They Allege No Facts Showing Injury

Plaintiffs do not dispute that injury is an essential element of claims under NYGBL 349 and 350.  Nor do they dispute that to plead an injury under these statutes, they must plead facts showing they paid more for the products than the value they received in return.  Because the FAC is devoid of any such factual allegations, *see supra* Part II, they have failed to plead the requisite injury to support a claim under these statutes.

## IV. THE FIFTH CAUSE OF ACTION (UNJUST ENRICHMENT) FAILS
### A. The New York Plaintiffs Have No Unjust Enrichment Claim

Defendants showed that under *BMS*, this Court lacks personal jurisdiction over the New York plaintiffs and their unjust enrichment claims because this forum has no connection to those claims.

Mot. 11-12, 16.  Plaintiffs have not rebutted this showing.

Even if the Court had jurisdiction, the New York unjust enrichment claim would fail because under controlling New York law, such a claim requires factual allegations of a price/value differential, and the FAC contains no such allegations.  Mot. 16 (citing *Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S. 2d 100, 102-03 (N.Y. App. Div. 2002)).  Plaintiffs' opposition does not address *Smith*, and instead cites a federal district court opinion that, they claim, does not require allegations that plaintiffs received less than what they paid for.  Opp. 14 (citing *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. 2013)).  But *Smith* is the controlling New York authority, and *Hughes* does not even mention it.  While district court decisions are not binding on this Court, New York appellate decisions are.  *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 & n.1 (9th Cir. 2007).

### B. The California Plaintiffs Have No Unjust Enrichment Claim

Citing a 2014 decision from this Court, defendants demonstrated that unjust enrichment is not an independent cause of action under California law.  Mot. 16 (citing *Callaghan v. BMW of N. Am., LLC*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014)).  In response, plaintiffs claim that defendants are "patently incorrect" – while never even acknowledging *Callaghan*.  Opp. 15.  They then, in the very next sentence, refute their own assertion that defendants are "patently incorrect" by claiming that California courts are "split on the issue."  *Id.*  Plaintiffs offer no reason for this Court to depart from its ruling in *Callaghan*.

Moreover, plaintiffs do not dispute that, just like a UCL claim, the remedy for an unjust enrichment claim under California law is restitution.  And without factual allegations showing a price/value differential, plaintiffs are not entitled to restitution.  *See, e.g.*, *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (barring unjust enrichment claim because plaintiff "failed 'to allege [he] paid in excess of reasonable value for the services [he] received or that the services were not worth what [he] paid for them.'" (alterations in original)).

### Conclusion

For the foregoing reasons, defendants respectfully request that the Court grant this motion and dismiss the entire FAC with prejudice.

Dated:  February 20, 2018.                    ARNOLD & PORTER

                                                By:   /s/ James F. Speyer
                                                       James F. Speyer
                                                       Alex Beroukhim
                                                       Ryan W. Light
                                                       Attorneys for Defendants
                                                       PURITAN'S PRIDE, INC. and
                                                       THE NATURE'S BOUNTY CO.