ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (SBN 133114)
james.speyer@arnoldporter.com
E. Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
Ryan W. Light (SBN 293858)
ryan.light@arnoldporter.com
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone:   213.243.4000
Fax:              213.243.4199

Attorneys for Defendants
PURITAN'S PRIDE, INC. and
THE NATURE'S BOUNTY CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DARCEY SHARP, MARY LUDOLPH-ALIAGA, PENELOPE MUELLER, JAY WERNER, DIANE CABRERA, MEG LARSON, GARY OPAS, and JOANNE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PURITAN'S PRIDE, INC., a New York Corporation; THE NATURE'S BOUNTY CO. (f/k/a NBTY, INC.), a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 16-cv-06717-JD, consolidated with No. 17-cv-2536-JD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RECENT SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. James Donato<br>Ctrm: 11<br><br>Action Filed:  October 14, 2016 |

164095340

Defendants respectfully submit this response to plaintiffs' notice of recent supplemental authority (Dkt. 106). That authority (*Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451 (N.D. Cal. Dec. 10, 2018)) radically and inappropriately expands the doctrine of pendent personal jurisdiction and should not be followed here.

As the Ninth Circuit has recognized, "[p]endent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180–81 (9th Cir. 2004). No federal appellate court has expanded the doctrine, as *Allen* did, to exercise personal jurisdiction over claims of other *parties* based on their similarity to claims over which the court has personal jurisdiction. And the vast majority of federal district courts have held that pendent personal jurisdiction "does not apply … to situations like the one here where Plaintiffs seek to piggyback personal jurisdiction over one set of Plaintiffs' claims (the non–California plaintiffs) onto claims by a different set of plaintiffs (the California plaintiffs) notwithstanding that the former do not arise from or relate to Defendants' contacts in the forum state." *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, 2016 WL 7177532, at *2 (C.D. Cal. May 26, 2016).[1]

This Court indicated its agreement with the majority view at the hearing on defendants' motion to dismiss when plaintiffs raised (for the first time) their theory of pendent personal jurisdiction over

---

[1] *See also Daniel v. Tootsie Roll Indus., LLC*, 2018 WL 3650015, at *8 (S.D.N.Y. Aug. 1, 2018); *Spratley v. FCA US LLC*, 2017 WL 4023348, at *7–8 (N.D.N.Y. Sept. 12, 2017); *Famular v. Whirlpool Corp.*, 2017 WL 2470844, at *5–7 (S.D.N.Y. June 7, 2017); *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 875 (N.D. Ill. 2017); *In re Bard IVC Filters Prods. Liability Litig.*, 2016 WL 6393596, at *4 n.4 (D. Ariz. Oct. 28, 2016) (pendent personal jurisdiction "applies to claims asserted by a single plaintiff, not claims asserted by different plaintiffs"); *Densmore v. Colby-Sawyer College*, 2016 WL 9405316, at *5 (D. Me. Mar. 1, 2016) (pendent personal jurisdiction "applies to causes of action brought by a single plaintiff, not to claims raised by additional plaintiffs over whom the forum court would not otherwise have personal jurisdiction"); *DeMaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *7–8 (N.D. Ill. Feb. 1, 2016); *Tulsa Cancer Inst., PLLC v. Genetech Inc.*, 2016 WL 141859, *4 (N.D. Okla. Jan. 12, 2016) ("The doctrine of pendent personal jurisdiction does not negate Plaintiffs' obligation to establish jurisdiction based on the relationship between Defendant, the forum, and each Plaintiff's claims."); *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, 2014 WL 50856, at *2 (E.D. Miss. Jan. 7, 2014) ("Pendent personal jurisdiction does not stand for the proposition that a second plaintiff can essentially 'piggyback' onto the first plaintiff's properly established personal jurisdiction."), *vacated in part on other grounds on reconsideration*, 2014 WL 1347531 (E.D. Miss. Apr. 4, 2014).

DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RECENT SUPPLEMENTAL AUTHORITY

the claims of the New York named plaintiffs. The Court rejected plaintiffs' attempt to expand the doctrine of pendent personal jurisdiction and instructed that each plaintiff has "to have initial jurisdiction or primary jurisdiction first." Mar. 8, 2018 Transcript of Proceedings at 4:1–11.

Moreover, *Allen* cannot be squared with *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773 (2017). There, the Supreme Court held that California courts lacked personal jurisdiction over claims of non-California plaintiffs, even though they were similar to claims of California plaintiffs, because there was an insufficient "connection between the forum and the specific claims at issue." *Id.* at 1781. The Court instructed that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug at issue] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* Thus, in light of *Bristol-Myers*, "even if the doctrine [of pendent personal jurisdiction] at one time permitted the court to exercise personal jurisdiction [over non-residents' claims based on their similarity to residents' claims], it no longer does." *Greene*, 289 F. Supp. 3d at 875.

Although *Allen* recognized that its exercise of pendent personal jurisdiction was inconsistent with *Bristol-Myers*, it sought to distinguish *Bristol-Myers* as dealing with a mass action, not a class action. 2018 WL 6460451, at *8 n.5. But it offered no reasoned principle why the claims of named plaintiffs in a class action should be treated differently for purposes of personal jurisdiction than the claims of named plaintiffs in any other action. And none exists.

Furthermore, the principal case on which *Allen* relied to expand the doctrine of pendent personal jurisdiction—*Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018)—reasoned that it could do so only because it arose under federal question jurisdiction and therefore did not need to follow *Bristol-Myers*, which did not so arise. *Id.* at 861–62; *see also id.* at 859 ("where a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers*"). Unlike *Sloan*, the case at bar does not arise under federal question jurisdiction.

Dated:  December 13, 2018.

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ James F. Speyer
      James F. Speyer
      E. Alex Beroukhim
      Ryan W. Light
      Attorneys for Defendants
      PURITAN'S PRIDE, INC. and
      THE NATURE'S BOUNTY CO.