ARNOLD & PORTER KAYE SCHOLER LLP
James F. Speyer (SBN 133114)
james.speyer@arnoldporter.com
E. Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:  213.243.4000
Fax:            213.243.4199

Attorneys for Defendants
PURITAN'S PRIDE, INC. and
THE NATURE'S BOUNTY CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DARCEY SHARP, MARY LUDOLPH-ALIAGA, PENELOPE MUELLER, JAY WERNER, DIANE CABRERA, MEG LARSON, GARY OPAS, and JOANNE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PURITAN'S PRIDE, INC., a New York Corporation; THE NATURE'S BOUNTY CO. (f/k/a NBTY, INC.), a Delaware Corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 3:16-cv-6717-JD, consolidated with No. 17-cv-2536-JD<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO RESET CERTAIN HEARING DATES**<br><br>Judge:     Hon. James Donato<br>Ctrm:      11<br><br>Action Filed:  October 14, 2016 |

167244886

Pursuant to Local Rule 7-11, defendants Puritan's Pride, Inc. and The Nature's Bounty Co. (collectively, "PP") respectfully submit this motion for administrative relief to reset the hearing dates for their summary judgment motion and plaintiffs' class certification motion.

## Introduction

Due to counsel's family medical emergency, the Court graciously rescheduled the hearing on PP's summary judgment motion, which had been set to take place on December 19. Dkt. No. 150; Dkt. No. 136. However, as a result, the hearing on the summary judgment motion will now take place on January 16, *after* the hearing on plaintiffs' class certification motion (set for January 9). Dkt. No. 150; Dkt. No. 137. For strategic reasons, PP deliberately filed its summary judgment motion so that it would be heard *before* the class certification hearing, and it would be unfortunate to lose that sequencing due to an unforeseen emergency. PP therefore respectfully requests that the Court flip the dates of the class certification and summary judgment hearings, so that the summary judgment hearing will be on January 9 and the class certification hearing will be on January 16. Plaintiffs Larson and Cabrera have no objection to this request. *See* Speyer Dec. ¶ 2.

## Argument

PP intentionally filed its summary judgment motion before plaintiffs filed their class certification motion. In doing so, PP knowingly "assume[d] the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members . . ." *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995); *see Gessele v. Jack in the Box, Inc.*, 2012 WL 3686274, at *2 (D. Or. Aug. 24, 2012) (defendants "can waive the right to class certification prior to dispositive motions…."). In the Ninth Circuit, "it is uncontroversial for courts to permit defendants to move for a judgment on the merits prior to class certification because, in doing so, defendants affirmatively accept that the resulting judgment will only bind the parties at bar and will leave defendants vulnerable to additional lawsuits." *Flo &*

*Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4776932, at *4 (C.D. Cal. May 27, 2015); *see also Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (holding that "the proper approach" is to permit a defendant to "waive the protection afforded by an early ruling on class certification."); *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1022 (N.D. Cal. 2015) (confirming "a defendant's right to 'take its chances on stare decisis rather than res judicata.'"). The rule is identical in California state courts. *See Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 440 n.7 (2000), *as modified* (Aug. 9, 2000) ("a defendant may seek an early merit determination prior to a certification decision, and . . . there are legitimate reasons why a defendant might be motivated to do so . . .").

Here, it makes sense to hold the hearing on PP's summary judgment motion before the hearing on the class certification motion.

*First*, PP deliberately timed the filing of its motion so that it would be heard first. It should not be deprived of its ability to seek a merits determination prior to the certification decision due to counsel's family medical emergency.

*Second*, ordering the hearings in this manner will promote judicial economy. PP believes that its summary judgment motion will eliminate all of plaintiffs' claims for monetary relief. If it does, the Court will not have to review or address plaintiffs' class certification motion to the extent it seeks certification of a Rule 23(b)(3) class. (Plaintiffs also seek to certify a Rule 23(b)(2) class, but the vast majority of their motion is devoted to attempting to prove their right to a Rule 23(b)(3) class).

*Third*, moving the class certification hearing from January 9 to January 16 will allow this motion to be heard at the same time as PP's motion to exclude some of the testimony of plaintiffs' expert witness, Dr. Larry Compeau. Dkt. No. 149. The motion to strike and the class certification motion are deeply intertwined, because plaintiffs depend on Dr. Compeau's opinions on the alleged deceptiveness of the advertisements in issue in their class certification motion. By contrast, those opinions

will have no impact on PP's summary judgment motion, which only addresses the validity of plaintiffs' proposed measures of monetary relief.

*Finally*, proceeding in this manner will not prejudice plaintiffs. Indeed, plaintiffs Larson and Cabrera have no objection to this application. Speyer Dec. ¶ 2. Plaintiffs Mueller and Ludolph-Aliaga did not respond to PP's inquiries. *Id*. ¶ 3.

## Conclusion

For the foregoing reasons, PP respectfully requests that the Court grant this motion and set the summary judgment hearing for January 9 and the class certification hearing for January 16.

Dated: December 27, 2019   ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ James F. Speyer
       James F. Speyer
       Alex Beroukhim
       Attorneys for Defendants
       PURITAN'S PRIDE, INC. and
       THE NATURE'S BOUNTY CO.