UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE MUELLER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PURITAN'S PRIDE, INC., et al.,<br><br>    Defendants. | Case No. 3:16-cv-06717-JD<br><br>**ORDER RE SEALING REQUESTS**<br><br>Re: Dkt. No. 187 |

The Court recently addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165, (N.D. Cal. Aug. 25, 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at *1 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

All of the documents proposed for sealing were produced by Puritan's Pride, and used by plaintiffs in conjunction with their motion to certify a class. *See* Dkt. No. 187. As required by

Civil Local Rule 79-5, plaintiffs filed the initial notice of sealing for documents obtained during discovery that Puritan's Pride had designated as confidential under the protective order entered in this case. *Id.* at 2. Civil Local Rule 79-5 required Puritan's Pride to state why the documents should be sealed, and propose ways of tailoring sealing to the narrowest possible scope.

Puritan's Pride appears to have misunderstood Civil Local Rule 79-5 and plaintiffs' initial motion. It says that it "supports" plaintiffs' request to seal, but the burden of establishing grounds for sealing is on it, and not on plaintiffs. Dkt. No. 189 at 1. Puritan's Pride's two-page response is a purely perfunctory claim that the documents contain "sensitive" or "proprietary" information. *Id.* at 2. An accompanying declaration of similarly abbreviated length offers only boilerplate assertions of potential commercial or competitive harm. Dkt. No. 189-1. In both instances, not a single fact is adduced that might make these claims plausible or persuasive. Puritan's Pride's reliance on designations under the protective order is equally unavailing.

Consequently, the "default posture of public access prevails." *In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165 at *3 (quoting *Kamakana*, 447 F.3d at 1182). Plaintiffs are directed to file unredacted versions of the motion to certify class and supporting exhibits on ECF within 7 days of this order. Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: September 27, 2021

JAMES DONATO
United States District Judge