UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE MUELLER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PURITAN'S PRIDE, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:16-cv-06717-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 195 |

This order resolves defendant Puritan's Pride's motion for summary judgment on plaintiffs' remaining claims in this class action. Dkt. No. 195. The salient facts have been discussed in detail in prior orders. *See, e.g.*, Dkt. No. 112 (motion to dismiss); Dkt. No. 178 (motion for partial summary judgment); Dkt. No. 228 (class certification). In relevant summary, Puritan's Pride markets and sells vitamins and supplements to consumers through catalogs, email, mail and a website. Dkt. No. 226 at 2. Puritan's Pride sells most of its products under buy-one-get-one (BOGO) promotions, which plaintiffs challenge as deceptive. *Id*. Plaintiffs alleged that these promotions were misleading because the price of the offered "free" products were built into the price of the purchased non-free product(s).

The Court has dismissed the claims under New York state law. Dkt. No. 112. The Court granted Puritan's Pride summary judgment baring the recovery of damages under the False Advertising Law (FAL) and restitution and denied Puritan's Pride's motion for summary judgment on actual damages under the California Consumer Legal Remedies Act (CLRA). Dkt. No. 178 at 12. The Court certified a class under Federal Rule of Civil Procedure 23(b)(2) for injunctive relief in connection with plaintiffs' CLRA and California Unfair Competition Law (UCL) claims. Dkt. No. 228 at 15. Class certification under Rule 23(b)(3) for monetary relief was denied. *Id*.

The present motion for summary judgment addresses the merits of plaintiffs' deceptive practices claims under the UCL and CLRA. Summary judgment is denied, and the case will be set for trial.

**DISCUSSION**

**I.  LEGAL STANDARDS**

Parties "may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought.  The court shall grant summary judgment if the movant[s] sho[w] that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The Court may dispose of less than the entire case and even just portions of a claim or defense." *CZ Servs., Inc. v. Express Scripts Holding Co.*, No. 3:18-CV-04217-JD, 2020 WL 4368212, at *2 (N.D. Cal. July 30, 2020) (citing *Smith v. Cal. Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014)).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A fact is material if it could affect the outcome of the suit under the governing law. *Id.*  To determine whether a genuine dispute as to any material fact exists, the Court views the evidence in the light most favorable to the nonmoving party, and "all justifiable inferences are to be drawn" in that party's favor. *Id.* at 255.  The moving party may initially establish the absence of a genuine issue of material fact by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-24.  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**II.  CONSUMER DECEPTION**

Puritan's Pride says summary judgment is warranted because plaintiffs have not adduced evidence to establish that reasonable consumers would be deceived by Puritan's Pride's BOGO promotions, as required by the UCL and CLRA. Dkt. No. 195 at 7.  Claims under the UCL and CLRA are "governed by the 'reasonable consumer' test." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Under that standard, plaintiffs must "show that members of the public are likely to be deceived." *Id.* (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.

2

1995)); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived.").

The question of consumer deception is a factual one, *see Williams*, 552 F.3d at 938-39, and the record has enough disputed evidence for a trial. The evidence includes, among other items: (1) the declarations and depositions of the named plaintiffs, which establish that they were misled by the BOGO promotions, *see* Dkt. No. 186-12; Dkt. No. 186-13; Dkt. No. 186-14; Dkt. No. 186-18; Dkt. No. 186-19; Dkt. No. 186-20; Dkt. No. 186-21; (2) Puritan's Pride's internal marketing research, which shows that consumers responded favorably to the BOGO promotions and returned to Puritan's Pride's website because of the promotions, *see* Dkt. No. 218-2; Dkt. No. 218-6; Dkt. No. 218-7; and (3) work by Brian Bergmark, an expert retained by plaintiffs who analyzed sales data from Puritan's Pride to opine that almost all of Puritan's Pride's sales were BOGO purchases. Dkt. No. 186-11. This evidence, along with similar records, is subject to a genuine issue of material fact that forestalls summary judgment.

Plaintiffs additionally rely on the expert report of Dr. Larry Compeau, Dkt. No. 218-5, as evidence of whether a reasonable consumer would be deceived by Puritan's Pride's BOGO promotions. Dkt. No. 226 at 10-12. Puritan's Pride previously requested to strike portions of Dr. Compeau's report. *See* Dkt. No. 196. The Court denied the request without prejudice and indicated that the objections to Dr. Compeau's report would be revisited as warranted. *See* Dkt. No. 228 at 15. The Court again declines to consider the request to strike portions of Dr. Compeau's report and relies solely on the unchallenged portions of the report.

The portions of the report that Puritan's Pride does not seek to strike buttress the showing of triable issues of fact. For example, Dr. Compeau opines that the advertised BOGO prices "are always deceptive" and "likely to enhance consumers perceptions of value and likelihood of purchases." Dkt. No. 218-5 at ¶ 30. Dr. Compeau also says that "the use of external reference prices increase consumers' perceptions of the value of the deal and decrease consumers' intentions to search for a lower price." *Id*. at ¶ 28. Dr. Compeau concludes that because Puritan's Pride does

not make a substantial number of sales at its reference prices, the reference prices in the BOGO offers lack veracity. *Id*. at ¶ 34. These opinions add fuel to the trial fire.

### III. UCL UNLAWFUL PRONG

Puritan's Pride also seeks summary judgment on the grounds that there is no predicate unlawful conduct to sustain a claim under the UCL's "unlawful" prong. Dkt. No. 195 at 12-13. The UCL defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL's unlawful prong "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (quoting *Cel-Tech Commc'n, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)).

Puritan's Pride says that, because the Court concluded that the FAL does not apply to this case, the only remaining predicate for the UCL claim is the FTC Guide, which is not a law within the meaning of the statute. Dkt. No. 195 at 12-13. The Court need not decide that question because plaintiffs have ample grounds to maintain the UCL claim on the basis of violations of the CLRA. Puritan's Pride tries to sidestep this result by saying it should win the CLRA claim, but that is part of the disputed issues of fact that need to be tried.

### CONCLUSION

Summary judgment is denied across the board. A status conference has been scheduled for January 27, 2022, at 10:00 a.m. The joint status conference statement should include the parties' agreement on dates for the pretrial conference and trial.

**IT IS SO ORDERED.**

Dated: January 4, 2022

JAMES DONATO
United States District Judge