Stanley D. Saltzman, Esq. (SBN 90058)
Joel M. Gordon, Esq. (SBN 280721)
**MARLIN & SALTZMAN, LLP**
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com

*Attorneys for Plaintiffs*

William Hansult, Esq. (SBN 200915)
**LAW OFFICES OF W. HANSULT**
1399 Ramona Avenue, # C
Grover Beach, California 93433
Telephone:    (805) 489-1448
hansultlaw@aol.com

*Attorney for Plaintiffs*

James F. Speyer, Esq. (SBN 133114)
E. Alex Beroukhim, Esq. (SBN 220722)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

*Attorneys for Defendants*

Tina Mehr, Esq. (SBN 275659)
**VISION LEGAL, INC.**
445 S. Figueroa St., 31st Floor
Los Angeles, California 90071
Telephone:    (877) 870-9953
Facsimile:    (877) 348-8509
tmehr@visionlegalinc.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| DARCEY SHARP, MARY LUDOLPH-ALIAGA, PENELOPE MUELLER, JAY WERNER, DIANE CABRERA, MEG LARSON, GARY OPAS, and JOANNE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PURITAN'S PRIDE, INC., a New York corporation; THE NATURE'S BOUNTY CO. F/K/A NBTY, INC., a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | No. 16-cv-6717-JD, consolidated with No. 17-cv-2536-JD<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Judge: Hon. James Donato<br>Dept.: 11<br>Pretrial Conference: August 11, 2022<br>Time: 1:30 p.m.<br><br>Trial Date: August 29, 2022<br>Action Filed: October 14, 2016 |


The parties to the above-titled action submit this Joint Pretrial Statement pursuant to the Court's Standing Order for Civil Trials.

## I.     SUBSTANCE OF THE ACTION

### a. The Parties

The Plaintiffs in the case are Mary Ludolph-Aliaga, Penelope Mueller, Diane Cabrera and Meg Larson (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated. Defendants are Puritan's Pride, Inc. and The Nature's Bounty Co. (collectively, "Defendants").

### b. Substance of the Action

#### i. Plaintiffs' Claims

Plaintiffs brought claims under (1) the Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, et seq., (2) the False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, et seq., and (3) the Unfair Competition Laws ("UCL"), Bus. & Prof. Code §§ 17200, et seq. Following the partial granting of Defendants' Motion for Summary Judgment on June 12, 2020 (Dkt No. 178) and the partial granting of Plaintiffs' Motion for Class Certification for a Rule 23(b)(2) class on November 23, 2021 (Dkt. No. 228), the claims that remain at issue for the purposes of this trial are for injunctive relief pursuant to the claims brought under the CLRA and UCL.

First, Plaintiffs contend that Defendants deceived, and continue to deceive, consumers by offering perpetual, ongoing Buy One Get One Free ("BOGO") promotions, causing consumers into taking advantage of "limited time" offers for "free" products that neither "limited time" nor "free." Under the CLRA, Plaintiffs and the certified 23(b)(2) Class have suffered injury as a result of the deceptive conduct alleged and would not have purchased the products at the advertised price had they known of the deception. Defendants' misleading statements were material in that a reasonable consumer would have considered them important in deciding whether to purchase the products. Plaintiffs allege that Defendants knowingly advertised goods with intent not to sell them as advertised, knowingly make false and misleading statements of fact, and knowingly represented that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, all in violation of the CLRA. To this day, Defendants continue to engage in this conduct, offering continuous "limited time" BOGO offers that deceptively advertise "free" products.

Second, Plaintiffs contend that Defendants engaged in and continue to engage in business acts and practices that are unfair, unlawful, and fraudulent within the meaning of the UCL, Bus. & Prof. Code § 17200. Defendants' conduct is "unlawful" under the UCL because it is in violation of Bus. & Prof. Code §§ 17200, 17500, the CLRA, and Section 5 of the Federal Trade Commission Act. Defendants' practices constitute fraudulent business practices under the UCL because the continuous "limited time" BOGO offers advertising "free" products are likely to deceive reasonable consumers, including Plaintiffs and the Class, and because Defendants failed to disclose material facts. Reasonable consumers such as the Plaintiffs and Class Members had no way of knowing that Defendants were (and still are) engaging in false, deceptive, misleading advertising, and therefore could not have reasonably avoided the injuries they suffered.

### ii.  Defendants' Defenses

Injunctive relief is unavailable in this case because Plaintiffs cannot prove their deception-based claims. Plaintiffs' theory is that the BOGO offers are deceptive because consumers understand the "Buy One" price in such offers to be the price at which Defendants usually sell single units of the item, when in fact Defendants rarely sell single units at the Buy One price. But Plaintiffs' theory collapses because the assumption on which it is based is wholly unsupported. Plaintiffs have *no evidence* on how consumers interpret BOGO offers. That is dispositive of their claim, particularly because their own marketing expert, Dr. Larry Compeau, admits the obvious: in order to determine whether a price advertisement is deceptive one must first determine, with empirical evidence, how consumers interpret or understand that advertisement. Plaintiffs will be unable to prove deception for two additional reasons. First, Plaintiffs admit that a Buy One price is nondeceptive if it reflects the prevailing market price for the product. But they have no evidence on prevailing market prices for any of Defendants' products, and accordingly are unable to show the Buy One price does not reflect the prevailing market price. Second, Plaintiffs admit that a Buy One price is nondeceptive if it reflects a price at which Defendants have offered a single unit of the product for a majority of the time. It is undisputed that in addition to its BOGO offers, Defendants have continuously offered for sale single units of all of its products at the Buy One price listed in those offers.

/ / /

In addition, Plaintiffs cannot prove their claims under the UCL's unlawful prong. Plaintiffs' only remaining claim is under the UCL's "unlawful" prong for supposed "violation" of Section 251.1 of the FTC Guide on pricing practices. But a claim under the "unlawful" prong of the UCL requires a violation of another law or regulation -- and the FTC Guides are neither. They are simply guidelines without the force of law. The UCL's "unlawful" prong can only *borrow* violations of other laws or regulations -- it cannot *create* laws or regulations where none previously existed.

Even if Plaintiffs could prove a violation of law, injunctive relief would not be warranted here. The purpose of California's consumer protection statutes is to prevent consumers from being harmed by deceptive business practices. In the case at bar, the Court has already determined that consumers have *not* been harmed by Defendants' alleged practices. To the contrary, the Court found that Plaintiffs got their full money's worth from Defendants. *See* Dkt. 228 at 10-11. Given that the purpose of the consumer protection statutes would not be furthered by a grant of injunctive relief, there is no reason to order such relief here.

## II. RELIEF REQUESTED

### a. Plaintiffs' Requested Relief

For the certified Rule 23(b)(2) Class, Plaintiffs are seeking an order for injunctive relief requiring Defendants to: (1) discontinue advertising, marketing, and otherwise representing that consumers will receive Free Products; (2) undertake an immediate public information campaign to inform consumers, the general public, and members of the putative Class and/or Classes about Defendants' prior practices; and (3) to correct any erroneous impression consumers or the general public may have derived regarding the value of the Products provided in Defendants' BOGO price, including without limitation, the placement of corrective advertising and providing written notice to the public.

Plaintiffs acknowledge that the Court has rejected their use of the "expected discount" damages model and, while not requesting relief for monetary damages at trial on behalf of the class, they also do not waive the right to appeal this issue. Similarly, the Plaintiffs will not be seeking individual monetary damages at trial, but also do not waive the right to appeal the Court's rejection of their expected discount model for monetary damages on their individual claims.

      b. **Defendants' Requested Relief**

      None.

**III.   UNDISPUTED FACTS**

The following is a list of undisputed facts:

1. Defendants have continuously offered for sale single units of all of its products at the Buy One price listed in those offers since 2013.
2. Defendants offered Products for sale under BOGO promotions from 2012 to the present.
3. Defendants have directly marketed and sold their branded Products to consumers via catalog, email, mail, and through their website www.puritan.com from 2012 to the present.
4. Defendants do not sell the Products through brick and mortar retailers in California.
5. Different BOGO promotions with different expiration dates ran consecutively, without breaks, throughout each year from 2012 to the present.
6. Defendants did not notify consumers that they could purchase single bottles of the Products until March 2013, when they added a page to the website for single bottle purchases, and later in April 2013, when they began printing a footer on the bottom of certain pages of the catalogs.

**IV.   DISPUTED FACTUAL ISSUES**

      a. **Plaintiffs contend that the following factual issues are in dispute:**

1. The BOGO pricing was deceptive because the cost of the advertised "free" products was built into the price of the purchased non-free product(s).
2. A majority of Puritan's Pride branded products were offered under a BOGO promotion throughout the year from 2012 to the present.
3. Twenty percent or less of annual sales came from single-item purchases from 2012 to the present.
4. Class members were all exposed to the BOGO prices when making their purchases.
5. Each Plaintiff purchased Products under a BOGO price from 2012 to the present.
6. Defendants' BOGO pricing scheme is ongoing as of the current date
7. For Puritan's Pride branded products sold through Puritan's Pride's website or catalogs in

California in 2016, 76.2% of the transactions recorded were at a BOGO price, 91.6% of the total number of bottles sold were sold at a BOGO price, and 93.1% of the total dollar amount of sales of the Products were under a BOGO price.

8. For Puritan's Pride branded products sold through Puritan's Pride's website or catalogs in California in 2016, 23.8% of the transactions recorded were without a BOGO offer, 8.4% of the total number of bottles were sold outside of a BOGO offer, and 6.9% of the total dollar amount of sales of the Products were outside of a BOGO offer.

9. When limited to California sales of the specific Products purchased by the Plaintiffs up until April 2019 through Puritan's Pride's website or catalogs, 61.9% of the recorded transactions were made at BOGO price, 84.9% of the total number of bottles sold were sold at BOGO price, and 86.7% of the total dollar amount of sales of the Products were under a BOGO price.

10. When limited to California sales of the specific Products purchased by the Plaintiffs up until April 2019 through Puritan's Pride's website or catalogs, 38.1% of the transactions recorded were without a BOGO offer, 15.1% of the total number of bottles were sold outside of a BOGO offer, and 13.3% of the total dollar amount of sales of the Products were outside of a BOGO offer.

11. Larson, Cabrera, and Ludolph-Aliaga would not have bought the products or paid less for them absent the alleged misrepresentation.

      **b.  Defendants contend that the following factual issues are in dispute:**

1. There is no typical BOGO deal offered by Defendants.

2. Often, the Buy One price is not explicitly identified, and the only price listed is the aggregate price for all units (e.g., "Buy 1 Get 2 Free $10.99). On other offers, not only is the Buy One price not explicitly identified, but there is no "Free" representation at all (e.g., "2 for 1 $12.99"). Still other offers state, for example, "Buy 1 Get 1 Free/2 for $12.94," or "Buy 2 Get 3 Free/5 for $13.28."

3. Plaintiffs received from Defendants exactly the products they expected to get for the price they paid.

4. Defendants did not deprive consumers in any way of the substantive products they paid for.

## V.    DISPUTED LEGAL ISSUES

    a. **Plaintiffs contend that the following legal issues are in dispute:**

1. The ongoing BOGO offers are deceptive and misleading.
2. A reasonable consumer would likely be deceived by Defendants' ongoing BOGO offers.
3. Defendants intended their ongoing BOGO offers to deceive consumers.
4. Plaintiffs relied on the alleged deception in making their purchases.
5. Plaintiffs suffered an "injury" as a result of the ongoing BOGO offers.
6. The alleged conduct is "unlawful" under the UCL because it is a violation of Bus. & Prof. Code §§ 17200, 17500, the CLRA, and Section 5 of the Federal Trade Commission.

    b. **Defendants contend that the following legal issues are in dispute:**

1. Defendants' BOGO offers are not deceptive or misleading.
2. Plaintiffs did not rely on the alleged deception in making their purchases.
3. Plaintiffs have not suffered any injury as a result of Defendants' BOGO offers.
4. A Buy One price is nondeceptive if it reflects the prevailing market price for the product.
5. Plaintiffs do not have any evidence on prevailing market prices for any of Defendants' products.
6. A Buy One price is nondeceptive if it reflects a price at which Defendants have offered a single unit of the product for a majority of the time.
7. Plaintiffs' claims under the UCL's unlawful prong fail as a matter of law because the FTC Pricing Guide cannot serve as a predicate for an "unlawful" prong claim under the UCL.

## VI.    STIPULATIONS

Aside from stipulating to the above-mentioned facts, the parties have also stipulated that:

- Plaintiffs, while asserting that they reserve their right to appeal the issue, will not advance any theory for recovery of monetary damages at trial, consistent with the Court's prior rulings. The parties have separately filed a stipulation to this effect.
- The documents presented in Plaintiffs' Exhibit List were produced during the course of litigation and the documents come from Defendants' files.

- The testimony of the witness Amy Hanson, a former employee of Defendants, will be submitted via designated excerpts from her deposition testimony. Defendants reserve their right to make evidentiary objections to Plaintiffs' deposition designations.

- The testimony of the Plaintiffs' expert witness, Larry Compeau, who Plaintiffs claim is medically unfit to offer live testimony, will be submitted, for both direct and cross examination, via his previously filed Expert Report in this case and designated excerpts from his deposition testimony in this case, and, for cross examination only, via his testimony in previous cases and prior statements. The parties agree not to object on hearsay grounds to any offered testimony by Compeau that falls within the categories listed above.

## VII. **BIFURCATION**

The parties are not requesting bifurcation.

## VIII. **SETTLEMENT**

On June 16, 2022, the parties met via teleconference for a mandatory settlement conference with Magistrate Judge Thomas S. Hixson. The case did not settle at the time and the parties do not believe that any further negotiations from this point forward are likely to be productive.

## IX. **ESTIMATE OF TRIAL LENGTH**

Parties have discussed the issue of trial time needed and anticipate that the trial, set to begin on August 29, 2022 will be completed by September 2, 2022. This schedule assumes that the Court will be session from 9:00 am to 2:30 pm, on Monday, Tuesday, Wednesday and Friday. The parties understand that the Court does not set trials for Thursdays.

///

///

///

///

*(signatures on next page)*

| | |
|---|---|
| | Respectfully submitted, |
| DATED:  July 28, 2022 | **MARLIN & SALTZMAN, LLP**<br>**LAW OFFICES OF W. HANSULT**<br>**VISION LEGAL, INC.** |
| | By:  s/ Stanley D. Saltzman<br>        Stanley D. Saltzman, Esq. |
| | By:  s/ William Hansult<br>        William Hansult, Esq. |
| | By:  s/ Tina Mehr<br>        Tina Mehr, Esq. |
| | *Counsel for Plaintiffs and Certified Class* |
| DATED:  July 28, 2022 | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| | By:  s/ E. Alex Beroukhim<br>        E. Alex Beroukhim, Esq. |
| | *Counsel for Defendants* |

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from the signatories on this e-filed document.